# CHARLESTON.

J. M. HUTCHINSON *et als. v.* THE COUNTY COURT OF BRAXTON COUNTY *et als.*

(No. 5577)

Submitted November 11, 1925. Decided November 24, 1925.

1. AGRICULTURE—*Financial Inexpediency Does Not Excuse County Court From Complying With Statute.*

    Financial inexpediency does not excuse a county court from complying with Section 28, Chapter 39, Code. (p. 463.)
    (Agriculture, 2 C. J. § 3.)

2. SAME—*Statute Held Constitutional.*

    Section 28, Chapter 39, Code, is constitutional. (p. 463.)
    (Agriculture, 2 C. J. § 3 )   •

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by J. M. Hutchinson and others for mandamus to be directed to the County Court of Braxton County and others.

*Writ awarded.*

*W. E. Hines, Lon H. Kelly,* and *R. G. Kelly,* for relators. *James E. Cutlip,* for respondents.

HATCHER, JUDGE:

On October 26, 1925, this court awarded petitioners an alternative writ of mandamus, directing the county court of Braxton county to comply with the provisions of a memorandum of understanding between the Braxton County Farm Bureau and the Agricultural Extension Division, College of Agriculture, West Virginia University, in accordance with Section 28, Chapter 39, Code, or show cause why it should not do so.

The petition alleged: that on July 1, 1925, the petitioners, representing the Braxton County Farm Bureau, presented to the county court of Braxton county a memorandum of understanding with the said Extension Division, signed by 150 farmers of the said county, which memorandum provided that the Extension Division should pay $225.00 a month and the county court should pay a like amount, for the salaries and expenses of a County Agricultural Agent and a Home Demonstration Agent for the county of Braxton, such salaries to commence July 1, 1925, and continue annually thereafter for so long as the memorandum should exist; that the said county court refused at the time of presentation of the memorandum and has refused ever since to take any action whatsoever in the matter; that the amount requested of the county court was not at the time it was asked and is not now in excess of 1½ cents on the $100.00 assessed valuation of the property of Braxton county; that Section 28, Chapter 39, Code, is mandatory, and the county court has no alternative but to comply with such a request when made in accordance with the statute.

An answer was filed by the county court of Braxton county setting up the following defenses: on July 1, 1925, there was a deficit of $23,280.90 in the general county fund of the said county, and the payment of the salaries specified in the memorandum would only increase this indebtedness; that the general county fund of the said county for 1925-26 is approximately $70,461.00, while the expenditures for 1925-26 will be approximately $70,465.00 without the proposed salaries; that a levy of 1½ cents on the $100.00 assessed valuation of Braxton county, after allowing for a 16% reduction (the usual amount in said county for delinquent taxes) would not be sufficient to pay such salaries; that if a special levy should be made, the expenses attendant thereon would practically consume all of the fund so raised, and that Section 28, Chapter 39 of the Code is unconstitutional.

While the financial difficulties set out in the answer might weigh against the expediency of the employment of the county agents at this time, such difficulties do not constitute a defense under the statute. In *State ex rel Cokley* v. *Ireland,* 91 W. Va. 435, this statute was held mandatory. Mere inexpediency is not a defense to a mandate of a legislative authority.

No argument is advanced and no authority cited supporting the challenge of the constitutionality of the statute. We observe no repugnancy to or contravention of the constitution in its enactment or its purpose. All legislative powers are lodged in the Legislature. Section 1, Article 6, Constitution. "Legislative power" is generally defined as "the power to make laws". It is a very comprehensive term, and embraces with many other rights, the authority to prescribe the mode of levying taxes, and "power to direct that any work of public use—shall be done". 12 C. J. 806. The work of county agents is designed to be of public use and benefit. The Legislature therefore had the right to enact the statute.

> "It must always be conceded that the proper authority to determine what should and what should not constitute a public burden, is the legislative department of the State. This is not only true for the State at large, but it is true also in

respect to each municipality, or political division of the State; these inferior corporate existencies having only such authority in this regard as the Legislature shall confer upon them. And in determining this question, the Legislature cannot be held to any narrow or technical rule''.

Cooley's Constitutional Limitations, 698.

No legitimate reason being advanced in support of the position of the county court, the writ will issue.

*Writ awarded.*