# CHARLESTON.

STATE *ex rel.* J. H. HALL *et als.* v. COUNTY COURT OF GILMER COUNTY.

(No. 5820)

Submitted September 21, 1926. Decided September 28, 1926.

1. AGRICULTURE—*Statute Relating to Employment of County Agricultural Agent is Mandatory on County Court, When Memorandum of Understanding is Filed (Code, c. 39, § 28).*

Sec. 28, Ch. 39, Code, relating to the employment of a county agricultural agent, is mandatory upon a county court, when the memorandum of understanding mentioned in the statute is filed in manner provided by the same. *State* v. *Ireland,* 91 W. Va. 435. (p. 215.)

(Agriculture, 2 C. J. § 2.)

2.  SAME—*Memorandum Providing for Salary of County Agent for Fiscal Year Ending June 30, 1927, Filed ·August 10, 1926, While County Court Was in Session, Held Timely (Code, c. 39, §28).*

A memorandum complying with Sec. 28, Ch. 39, Code, signed June 30, 1926, and providing for part payment of the salary of the county agent for the fiscal year ending June 30, 1927, was filed by the requisite number of farmers with the county court on August 10, 1926. The court was then in session for the purpose of laying the regular levy for the fiscal year ending June 30, 1927. *Held,* The filing of the memorandum was timely and the county court cannot avoid compliance with the statute because the memorandum was not filed with it on or before July 1, 1926. (p. 214.)

(Agriculture, 2 C. J. § 2.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Original proceeding by the State, on the relation of J. H. Hall and others, for mandamus to be directed to the County Court of Gilmer County.

*Writ awarded.*

*R. F. Kidd* and *J. D. Jones* for relators.

*B. W. Craddock* for respondent.

HATCHER, JUDGE:

A mandamus is sought in this proceeding to compel the County Court of Gilmer County to levy or appropriate from the general fund an amount, not to exceed 1½ cents on the $100.00 valuation, to be used in part payment of the salary of a County Agent for said county.

The petition alleges that on Aug. 10, 1926, not fewer than 150 farmers of Gilmer County presented to the County Court a memorandum of understanding with the Agriculture Extension Division of the College of Agriculture, West Virginia University, whereby the said Extension Division agreed to provide part of the salary of the County Agent for said County for the fiscal year beginning July 1, 1926, but that the County Court refused to make the levy or appropriate the fund required in such case by Sec. 28, Ch. 39, Code of West Virginia.

The answer of the County Court admits the filing of the memorandum, but charges that 19 of the 161 signatories are not farmers. No proof supports this allegation. It is denied in the Special Replication of petitioners, who substantiate their denial with numerous affidavits to the effect that the signers challenged by the Court are farmers of Gilmer County. The burden of proof is on the Court. It has failed to sustain the burden on this issue.

The answer also charges that the memorandum of understanding purports to have been made with the Gilmer County Farm Bureau, when in fact no such organization existed. This averment is denied by the Special Replication of the petitioners. No proof of the charge was taken by the Court. The original papers signed by the 161 parties who say they are farmers of Gilmer County, specifically recognize the existence of the Gilmer County Farm Bureau, and authorize the officers of the Bureau to enter into the memorandum with the Extension Division. The memorandum is signed by A. L. Cottrill as President of the Bureau, and its existence as a Bureau is further recognized by Russell H. Gist, Supervisor, who signs on behalf of the Extension Division. A prima facie case of the Bureau's existence is made by these papers, and again the County Court fails to carry the burden of proof.

The answer also alleges that the petitioners seek to have the memorandum become effective on July 1, 1926. The answer then argues that the proceeding of the petitioners is ineffective, because the memorandum was not presented until Aug. 19, 1926; that the petitioners should have presented it prior to or on July 1; that the petitioners cannot wait for a month and ten days after July 1, and then compel the Court to make it effective as of July 1.

The statute does not require the memorandum to be presented to the County Court prior to July 1, or at any particular time. The fiscal year for the counties commences on July 1, of each year. The statute requires the memorandum to provide a part of the salary of the County Agent "to the end of the next succeeding fiscal year." The memorandum shows that it was signed on June 30, 1926, and in it the Extension

Division agrees to provide for a part of the salary of the Agent of Gilmer County for the year ending July 1, 1927. The memorandum therefore meets the requirements of the statute. If a County Agent was employed for the fiscal year aforesaid, and he has actually been serving the County since July 1, 1926, he should be paid accordingly. If an Agent has not been employed he would not be entitled to salary until his service begins. While the statute orders that an amount sufficient for the entire year's salary be provided, it does not require the entire amount to be paid, in case the service is for less than a year.

The memorandum was presented by the farmers to the County Court at the time it met to lay the levy for the fiscal year ending June 30, 1927. The filing of the memorandum was therefore timely.

The answer of respondents presents no valid defense to the petition. The statute is mandatory. *State* v. *Ireland,* 91 W. Va. 435; *Hutchinson* v. *County Court of Braxton County,* 100 W. Va. 461.

The writ will therefore issue.

*Writ awarded.*