# CHARLESTON.

Buzzard *v.* Pocahontas County Court

(No. 6662)

Submitted May 13, 1930.   Decided May 20, 1930.

*A. P. Edgar,* for plaintiff in error.

*J. E. Buckley* and *F. R. Hill,* for defendant in error.

Woods, Judge:

The county court of Pocahontas county, respondent in a certain mandamus proceeding in the circuit court of said county, prosecutes error to a judgment of the circuit court, requiring it to take such appropriate action as may be necessary to put into effect the provisions of the "memorandum of understanding" between the Agricultural Extension Division, College of Agriculture, and 150 or more farmers of Pocahontas county, appropriating the funds to the amount of $150 per month, or $1,800 per year, for one year beginning July 1, 1929, and continuing same to the end of the fiscal year, as part salary and expenses of a county agent, and appropriating funds to the amount of $33.33 per month, or $400 per year, for one year beginning July 1, 1929, and continuing same to the end of the fiscal year, as part salary and expenses of a

home demonstration agent, in compliance with the provisions of section 28, c. 39, Code.

The petition for mandamus alleged that the county court had arbitrarily refused to appropriate and provide funds to carry into effect the "memorandum of agreement."

The return, while admitting that more than 150 names appeared on the petition, attached to and made a part of the "memorandum of agreement," alleges: (1) That the assessed valuation will not exceed $15,000,000, and that after making deductions for existing indebtedness and the usual expected discounts, delinquencies, and exonerations, it will not be sufficient to provide the necessary $2,200 for salaries on a levy of 1½ cents on the $100; and (2) that there are not 150 farmers on the petition.

The position as to deductions prior to making the levy is not well taken. The levy is directed to be made from the assessed valuation. Section 28, c. 39, Code; *Hutchinson* v. *County Court*, 100 W. Va. 461, 130 S. E. 654; *State ex rel. Cokeley* v. *Ireland et al.*, 91 W. Va. 435, 113 S. E. 652. The evidence of the county officials is to the effect that the assessed valuation was $15,159,180, and the court so found.

The remaining issue goes to whether or not there were in fact 150 or more signers, who were farmers under the statute. If there were, then the duty is clear, and mandamus will lie. *State ex rel. Cokeley* v. *Ireland, supra; Hutchinson* v. *County Court, supra; State ex rel. Hall* v. *County Court*, 102 W. Va. 212, 135 S. E. 5.

One hundred eighty-three signatures of individuals purporting to be farmers appeared on the petition at the time the same was submitted to the county court. Of this number 27 were challenged by the return on the ground that they were not farmers within the meaning of the statute. Proof was taken on the issue raised thereon, and stipulations between counsel were entered of record to the effect that 17 of the 27 were in fact not farmers, and that 7 were farmers. The remaining 3 were found by the court to be farmers.

By his finding that 166 of the signers were in fact farmers, the trial court properly included the names of the 8 who had,

subsequent to the filing of the petition with the county and prior to its action thereon, attempted to strike their names from the petition. Each had signed the paper with the understanding that it was to be effective when 150 farmers had affixed their signatures thereto. The extension department had acted thereon, Such signers would not now be permitted to remove their names ex parte.

Since the county court was not a party to the contract between the petitioners and the extension department, it could not avail itself in the mandamus proceeding of any equitable defense which would be accorded to a party to the contract. The "memorandum of agreement," like other contracts, is subject to the rules of pleading as to collateral attack.

Perceiving no error in the ruling of the circuit court, we affirm the judgment. *Affirmed.*