# CHARLESTON.

BEECHER v. FOSTER *et als.*

Submitted February 9, 1909.    Decided December 14, 1909.

1.  APPEAL AND ERROR—*Law of the Case—Second Appeal.*
    The decree of the Supreme Court of Appeals upon a question decided by the lower court and presented for review on appeal, is final and irreversible; and upon a second appeal in the cause the questions decided in the former appeal can not be reviewed.  (p. 457).

2.  SAME—*Remand—Effect of Mandate and Opinion.*
    When a cause is remanded by the Supreme Court of Appeals to the lower court for further proceedings to be had therein according to the opinion of the appellate court, and a doubt arises as to the meaning and effect of the mandate and opinion, it may be ascertained by reference to the bill and other proceedings in the cause.  (p. 457).

(MILLER, PRESIDENT, absent.)

Appeal from Circuit Court, Ritchie County.

Bill by John S. Beecher against Thomas Foster and others. Decree for plaintiff, and defendant Anna T. Dellicker, executrix, appeals.

*Affirmed.*

*William Beard,* for appellant.

*Charles A. Kreps, Hall & Beiler,* and *William S. Mackey,* for appellee.

WILLIAMS, JUDGE:

This cause was in this Court once before, and the decision on the former appeal is reported in 51 W. Va. 605.   It is again here on an appeal granted to Anna T. Dellicker, executrix of L. B. Dellicker, deceased, from a decree pronounced by the circuit court of Ritchie county on October 20, 1906.    The principal question presented is, whether or not, in entering the decree complained of, the lower court followed the mandate and opinion of this Court pronounced on the former appeal.

Only so much of the history of the cause will be here repeated as is necessary to an intelligent understanding of the questions now presented for our determination.

L. B. Dellicker, appellant's testator, held a mortgage upon land of Thomas Foster, situate in the state of Ohio, to secure $5,500.00. There were prior liens upon this land. After giving this mortgage to Dellicker on his Ohio land, Foster then conveyed all his property, real and personal, situate in West Virginia and in Ohio, to J. P. Saunders, trustee, in trust to secure his creditors generally. Later, the trustee borrowed from Dellicker $2,000.00, and from the First National Bank of Parkersburg about $550.00, and with this borrowed money he paid off the liens on the Ohio land which were prior to Dellicker's mortgage; he then repaid Dellicker and the Bank out of the general trust fund.

In 1890 John S. Beecher, a creditor, brought this suit against Foster and his trustee praying, among other things, for an accounting of the trust fund by the trustee. Other creditors filed answers, and John L. Hall, Samuel H. Beiler, partners trading as Hall & Beiler, and W. S. Mackey filed a cross-bill; and apparently all of Foster's creditors were brought into the suit. Prior to the suit the trustee had sold the Ohio land for $6,175.00, just enough money to pay the Dellicker mortgage and interest, not allowing for commissions and taxes paid on it and paid the mortgage with the proceeds; and charged his commissions for selling the land, and taxes and other expenses paid on account of the land, against the trust funds in his hands belonging to the general creditors. The cause was referred to a commissioner to state certain accounts; exceptions were taken to the report by Hall & Beiler, and Mackey, and also by the trustee. The cause was heard upon the commissioner's report and exceptions thereto, and a final decree pronounced on November 3, 1899. The court did not expressly sustain, or expressly overrule, any of the exceptions; but did, in effect, sustain some of the exceptions and overrule others, by ascertaining the amounts of money concerning which there was controversy. The language of the decree in disposing of the exceptions is as follows, viz: (The court) "is further of the opinion to and doth sustain the said several exceptions so far as the same cover the matters and things in said report hereby

decreed and corrected, and as to all matters therein the said several exceptions are hereby overruled." The decree then proceeded to acertain the amounts due the several creditors and gave them a recovery for the respective amounts against said Foster. The court found that the trustee had realized $1,315.89 from the sale of the personal property in Ohio and $6,175.00 from the sale of the Ohio land, aggregating $7,-490.89; and held that it was the duty of the trustee to have paid out of the proceeds of sales of the Ohio land and personal property, certain enumerated debts, charges and expenses. The whole amount charged against these funds aggregated $3,-188.99. The court further found that, after charging this $3,-188.99 against the proceeds of the Ohio property "there remained the sum of $4,301.99 applicable to the mortgage debt of the defendant, L. B. Dellicker," and found that said Dellicker had received from the net proceeds of the Ohio property, including interest up to the date of the decree, $3,056.10 in excess of the amount to which he was entitled, and decreed that he should refund this excess to the general estate; but decreed that, inasmuch as Dellicker was entitled to be treated as a general creditor in the distribution of the general estate, on the basis of $1,873.01, the balance which the court found to be due him, as of the date of the general assignment, he was entitled to a recovery against Foster for the said sum of $3,056.10; and decreed that, in making settlement with Dellicker for the amount decreed against him, D. C. Casto, the special receiver to whom the estate had been committed, should give him credit for his distributive share, as one of the general creditors. The court also found that there was in the hands of Saunders, trustee, the sum of $1,398.93, which sum he was directed to pay into the hands of the special receiver, with interest thereon from March 30, 1891, principal and interest then aggregating $2,119.37. Dellicker appealed from this decree, and this Court reversed it in part and remanded the cause for further proceedings.

After the cause was remanded to the lower court, it was again referred to a commissioner for the purpose of ascertaining, among other things, "the balance due for which the decree should be entered against L. B. Dellicker, in accordance with the principles announced in the opinion and mandate of the Supreme

Court of Appeals." The commissioner made his report in the alternative as follows:

"Amount paid Dellicker of the sum to which he was entitled, as shown by final decree appealed from ........................... $1,873.01
Taxes paid on Ohio land ................... 305.56
Commission on Ohio land ................... 123.50    $2,302.07

Proceeds of sale of Ohio personal property ....    1,315.89

Principal balance due from Dellicker ........    986.18
Interest from April 11, 1889, to January 9, 1906    990.78

Total amount due from Dellicker as of January 9, 1906 ...................................    $1,976.96

It appears, however, from the final decree entered in this cause on the third day of November, 1899, that in ascertaining the balance for which a decree should be rendered against the said Dellicker, the Court in fact gave the said Dellicker the benefit of the said sum of $1,315.89 the proceeds of the sale of the personal property in Ohio, and charged him with the said sum of $305.56 taxes on the Ohio land; and your Commissioner is of opinion that in the foregoing statement the said Dellicker has been twice credited with the said sum of $1,315.89 and twice charged with the sum of $305,56; and that according to the spirit and intent of the decision of the Supreme Court of Appeals as your Commissioner understands it, the following is a correct statement showing the actual amount for which a decree should be rendered against the said Dellicker:

Amount paid Dellicker in excess of the sum to which he was entitled ................... $1,873.01
Commission on Ohio land ................... 123.50    $1,996.51

Interest from April 11th to January 9, 1906....    2,005.82
Total for which decree should be rendered against Dellicker .........................    $4,002.33

Your Commissioner not being advised as to which of the foregoing methods should be pursued under the circumstances in stating said account, submits both statements to the Court for such action as it may deem proper.

Dellicker excepted to the second alternative statement; and the court overruled his exception and decreed against him the

sum found by the commissioner in his second alternative state-
ment, to-wit, $4,055.57. From this decree Dellicker's executrix
has appealed, and assigns as error that the court departed from
the mandate and opinion of this Court entered on the former
appeal.

Our present inquiry can only go.to the extent of ascertaining
what matters were actually adjudicated on the former appeal.
We can not inquire into the correctness of the decision, because,
whether it is right or wrong, we have no power to disturb it;
it is final and irrevocable. *Johnson* v. *Gould* 62 W. Va. 599
(59 S. E. 611); *Dent* v. *Pickens,* 61 W. Va. 488; *Henry* v.
*Davis,* 13 W. Va. 230. But when a cause is remanded for fur-
ther proceedings, and the mandate and opinion of the appellate
court are ambiguous, and it does not clearly appear what were
the matters actually decided, it is the duty of the lower court
to construe them for the purpose of arriving at their true intent
and meaning. *Laidley* v. *Kline,* 23 W. Va. 565. But the lower
court has no power to change the decision, or to correct what it
may conceive to be a mistake.

What were the matters decided on the former appeal? In
answering this question we have to construe the language of the
mandate and opinion of the Court wherein it deals with the mat-
ter now in controversy. "In construing a decree the intent of the
court granting it will be looked to, and provisions may accord-
ingly be sometimes implied. The decree will be construed and
restricted in accordance with the pleadings and even with ref-
erence to other parts of the record." 16 Cyc. 498; *Walker's
Ex'r,* v. *Page,* 21 Grat. 636. The mandate reads as follows,
viz: "The court having maturely considered the transcript of
the record of the decree aforesaid and the arguments of counsel
thereon is of opinion for reasons stated in writing and filed
with the record that there is error in said decree, but not such
as calls for a reversal of the whole decree. It is therefore ad-
judged, ordered and decreed that the decree of circuit court of
Ritchie county, pronounced in this cause on the 3rd day of
November, 1899, be and the same is hereby reversed, set aside
and annulled; except in so far as it decrees the amounts due
the several general creditors, but not including in said excep-
tions the plaintiffs in the cross-bill, Hall and Beiler and W. S.
Mackey, and their co-beneficiaries as set out in their bill *bill* as

to said general creditors, excepted, is affirmed; and that the appellees John L. Hall and Samuel H. Beiler partners as Hall & Beiler and W. S. Mackey, do pay to the appellant L. B. Dellicker his costs about the prosecution of his appeal and *supersedeas* in this Court in this behalf expended; and this cause is remanded to the circuit court of Ritchie county, for further proceedings there to be had therein according to the principles stated and directions given in the written opinion aforesaid, and further according to the rules and principles governing courts of equity: which is ordered to be certified to the circuit court of Ritchie county."

We see that the mandate fixes none of the amounts in controversy. It affirms the decree of the lower court, only as to the amounts of debts decreed in favor of the general creditors except Hall & Beiler and Mackey, plaintiffs in the cross-bill and their co-beneficiaries; in all other respects the decree is reversed, and the cause is remanded "for further proceedings there to be had therein according to the principles stated and directions given in the written opinion aforesaid, and further according to the rules and principles governing courts of equity." In so far, therefore, as the decree of the circuit court had fixed the amount to be paid by Dellicker to the receiver for the benefit of the general creditors, and the amount which Dellicker should recover from Foster, as one of his general creditors, the decree was reversed. No certain sum of money was determined either by the mandate, or by the opinion of this Court, as the amount that Dellicker should refund, or that he should receive. So much of the opinion as deals with the questions affecting Dellicker is as follows, viz: "The decree against Dellicker should be reduced by the net amount of the proceeds of the sale of the personal property in Ohio realized, which went into the general trust fund and represented that much saved to said fund by the use of the money borrowed from Dellicker and the bank and was so much of said loan returned to said fund and said decree against Dellicker should be increased by the sum of three hundred and five dollars and fifty six cents commissions on the sale of the said land for which plaintiffs in the cross-bill file a cross error which several items should have been paid out of the proceeds of the sale of said land before any distribution to the appellant Delicker on

account of his mortgage; the said item of one hundred and twenty-three dollars and fifty cents commission being two *per* *centum* on the gross amount paid said Dellicker, and both of which sums were improperly charged against the general trust fund and should be refunded to said trust fund by said Dellicker, and the decree thus corrected should be re-entered and Dellicker's decree against Foster should be corrected accordingly."

The opinion is here dealing with the general principles governing the ascertainment of the amount which Dellicker should refund. This Court did not intend either to fix the sum of money which he should pay, or to recognize as correct, the amount which the court below had, by its decree, ascertained to be the amounts. The opinion did not decide that Dellicker should be twice charged, or twice credited, with the same item. It is true, the Court says, "said decree against Dellicker should be increased by the sum of three hundred and five dollars and fifty-six cents taxes paid on the Ohio land" etc. What "decree" did the court here refer to? Certainly not the decree which had been appealed from, because that was reversed, so far as it concerned Dellicker, and was no longer a decree; it stood for naught. The Court could only have meant that this item of taxes and the other item of commissions for selling the Ohio land were proper charges against the gross proceeds of the land, and that, in as much as Dellicker had received the gross proceeds, he should refund the amount of these items which were proper charges against such proceeds. The Court did not mean to charge them, or either of them, against him a second time. The decree of the lower court had charged the taxes but had failed to make the commissions a charge against this fund. If this Court had intended that simply the amount of money found against Dellicker by the decree which was reversed, was to be corrected by adding to it the taxes and commissions and by deducting from this sum the net proceeds of the Ohio personal property, that correction could have as easily been made by this Court as by the lower court, because this Court had all the data before it; it was only necessary to make the addition and subtraction to ascertain the amount, and as thus corrected the decree could have been affirmed. But that part of the Court's opinion above quoted, taken in connection with the other parts,

clearly shows that this Court only intended to decide the principles which the lower court should apply in ascertaining the amounts; and it remanded the cause to the circuit court to ascertain these amounts by a restatement of the accounts, according to the principles set out in the opinion.

The only other assignment of error relates to the overruling of the demurrer to the amended cross-bill filed by Hall, surviving partner of Hall & Beiler and by the administrator of W. S. Mackey, deceased, after the cause was remanded by this Court. It is a general demurrer, assigning no ground. But it is argued in brief that the cross-bill does not set out the names in full of the parties defendant. There are a number of defendants named in the cross-bill, some of whom are non-residents, and are described as follows: "William Curran and ............., partners as William Curran & Company, ...... McLaughlin and ...... McLaughlin, partners trading as McLaughlin Brothers, and ...... Clark and ...... Drake, partners as Clark & Drake." The demurrer raises a purely technical objection. We fail to see how appellant could in any way be prejudiced by the omission to set out in the cross-bill the names in full of some of the defendants, even if it were error not to do so, which point we do not decide. The commissioner's report made after the filing of the amended cross-bill shows that debts were allowed by the commissioner in favor of the above named defendants. There was no exception to the report for the allowance of their debts, and the decree of the court, based on the commissioner's report, gives these creditors a recovery for their respective debts. The appellant is not aggrieved by this alleged error, and has no right to complain of it. "No one can correct, either by bill of review or an appeal or writ of error, an error not aggrieving him." *Dunn's Ex'r* v. *Renick,* 40 W. Va. 349; *Highland* v. *Highland,* 5 W. Va. 66.

We find no error in the decree of the circuit court of Ritchie county rendered in this cause on the 20th of October, 1906, and it will be affirmed.

*Affirmed.*