# CHARLESTON.

FARMERS OF GREENBRIER COUNTY et al. v. THE COUNTY
COURT OF GREENBRIER COUNTY

(No. 6160)

Submitted May 8, 1928.     Decided May 15, 1928.

JUDGMENT—*Interpretation, Rendering Ambiguous Judgment, More Reasonable, Effective, and Conclusive, Will be Adopted; Judgment Requiring Entry of Order Carrying Out Memorandum of Understanding Construed as Requiring Payment of $1,800 Yearly Toward County Agricultural Agent's Salary, Regardless of Limitation in Judgment (Code, c. 39, §28; Smith-Lever Act [7 USCA §§ 341-348]).*

Where a judgment is susceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective and conclusive, and which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered.

(Judgments, 34 C. J. § 794.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

MILLER, LIVELY, JUDGES, absent.

Error to Circuit Court, Greenbrier County.

Proceeding by certain farmers of Greenbrier County for mandamus to be directed to the County Court of Greenbrier County. To review an order below, plaintiffs bring error.

*Affirmed.*

*H. L. Van Sickler,* for plaintiffs in error.
*Samuel Price,* for defendant in error.

LITZ, JUDGE:

Acting under the provisions of section 28, chapter 39, Code, one hundred sixty-seven farmers of Greenbrier county entered into a "memorandum of understanding" with the Extension Division of the College of Agriculture of the University of West Virginia whereby the latter agreed to provide from Federal funds available under the "Smith-Lever Act" $125.00 a month for the employment of a county agricultural agent and $300.00 annually for assistant agents, or a total of $1800.00 annually, and the former promised that they would petition the county court to appropriate $150.00 a month for salary and expenses of a county agricultural agent. The county court having refused to provide in excess of $100.00 a month or $1200.00 a year to carry out the "memorandum of understanding" between the parties, upon a petition of mandamus, the circuit court directed the county court "to enter an order, carrying out the provisions of the 'memorandum of understanding' filed with said county court between the Extension Division, College of Agriculture, West Virginia University of the one part, and one hundred fifty or more farmers of Greenbrier county of the other part, providing for the payment to a county agent for said Greenbrier county of $125.00 per month as part salary and expenses of such county agent for the year beginning July 1, 1927."

The relators appealed on the theory that the order of the circuit court requires the county court to appropriate only $1500.00 a year in the execution of the agreement between the parties. As the county court is commanded to enter an order carrying out the provisions of the "memorandum of

understanding'' between the citizens and the Agricultural Extension Division, it follows that it shall appropriate $1800.00 a year, the amount to be provided by the Agricultural Extension Division. The recital in the order of that portion of the ''memorandum of understanding'' relating to the amount to be provided by the Agricultural Extension Division for the employment of a county agricultural agent serves merely to identify the ''memorandum of understanding'' and not to limit the amount to be appropriated by the county court. To entitle the county to Federal aid under the ''Smith-Lever Act,'' the county court must provide an amount equal to the sum proposed by the Agricultural Extension Division. The duty of the county court under section 28, chapter 39, Code, to provide one-half of the amount agreed upon by the citizens and the Agricultural Extension Division is mandatory. *State ex rel. Cokeley* v. *County Court of Ritchie County*, 91 W. Va. 435; *Hutcheson* v. *County Court of Braxton County*, 100 W. Va. 461; *State ex rel. Hall* v. *County Court of Gilmer County*, 102 W. Va. 212.

''Where a judgment is susceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective and conclusive, and which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered.'' 34 C. J. 502. Construing the order complained of as requiring the county to provide annually $1800.00, the amount necessary to effectuate the agreement between the citizens and the Agricultural Extension Division, we affirm the same.

*Affirmed.*