JULIUS YACOMOLISH v. STATE COMPENSATION COMMISSIONER AND WHITE OAK FUEL COMPANY.

(No. 6935)

Submitted January 20, 1931.   Decided February 10, 1931.

*C. L. Smith* and *Sherman H. Eary,* for relator.
*H. B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *C. W. Dillon,* for respondents.

WOODS, JUDGE:

Claimant, who has been paid compensation on the basis of $16.00 per week for 80 weeks, seeks by mandamus, to compel the Commissioner to vacate and hold for naught certain findings or orders purporting to supersede a 30% rating, established by an award of March 4, 1930.

Claimant sustained a comminuted fracture on the left tibia and fibula on October 16, 1928.   Prior to the award of March 4th, he had been paid on an open claim for 57-4/7 weeks, or $921.14, the last payment having been made on November 30, 1929.   The commissioner, having received a report from his

chief medical examiner recommending a 30% partial permanent disability rating, wrote the employer, under date of February 20th, to that effect, stating that such an award would carry compensation for 120 weeks, expiring February 10, 1931, and closed the letter with the request that "if you have any evidence tending to show said award should not be made, you file same in the department by March 3."

Receiving no reply, the commissioner on March 4th made an award of 30%, and so notified claimant. On March 21st, a report from the employer, enclosing an examination of claimant by the company doctor recommending 20%, was received, and by letter of April 4th, the claimant, without prior notice, was informed that the award of March 4th had been reduced to 20%. Payments having ceased under the alleged 20% award, the early part of May, the claimant, on June 5th, came in to see the commissioner about further payments and while there was subjected to another physical examination by the chief medical examiner, who reported claimant's condition to be the same as shown in the report of February 14th, when a 30% partial permanent disability rating was recommended. Notice of this examination was promptly forwarded the employer, with request for an opinion on whether or not claimant had more than a 20% disability. The reply, which indicated that 20% was sufficient, enclosed another physical examination made by the company doctor, making a like recommendation. Shortly thereafter (July 25th) the claimant was notified that he had been adequately compensated, and that his claim was closed. Objection to this action was made on August 2nd. Both the orders of April 4th and July 25th are sought to be set aside.

We do not question the commissioner's position that his power is continuing. Section 40, chapter 15P, Code. But even with such power there must be a degree of regularity in the making and setting aside of awards. *Johnson* v. *Commissioner*, 109 W. Va. 316, 154 S. E. 766. The commissioner, in fact, relies on the *Johnson* case to support his ruling of July 25th. In other words, he contends that he would not be warranted in changing the award of April 4th, reducing the disability rating to 20%, since the recommendation of the

chief medical examiner and that of the company doctor show the claimant's condition to be the same as reported prior to the entry of the finding of April 4th, to-wit, 30% and 20%, respectively. However, on practically the same evidence, the commissioner did, without notice of an intention so to do, reduce the award of March 4th.

Just what is the status of the finding of April 4th? Whether or not the commissioner's letter of February 20th to the employer, amounted to sufficient notice to the latter to cut him off within ten days from contesting the granting of the award of March 4th, need not be decided. Assuming that the commissioner had the right to open up the claim, what procedure must be followed prior to a probable change in an award?

The compensation law contemplates that those interested shall have notice. The claimant is entitled to notice of a further consideration of his claim, which may possibly change his status, just as much as the employer. He was not given notice that on a certain day, no objection being made, the award would be reduced. In *Johnson v. Commissioner, supra,* relied on by the commissioner, this Court held that a finding of fact cannot be arbitrarily set aside without sufficient evidence to support such finding. If the commissioner cannot act arbitrarily in changing the amount of an award, may he act without giving claimant notice of his intention so to do? The employer was protected, as has already been noted, prior to the first award; the claimant, however, was not so notified as to the possible reduction to be made on April 4th. We think the finding of April 4th was irregular and therefore void as to claimant. Lapse of time did not make it valid. The order of March 4th therefore remained in full force and vigor, regardless of the fact that claimant's pay was stopped at the end of 80 weeks.

Now what was the effect of the finding of July 25th closing the claim? Can we say that it was an independent finding upon the facts at hand, and therefore binding? From the position taken by the commissioner in the argument before the Court, we cannot give it such standing. It must likewise fall.

The writ will issue, directing the commissioner to enter an order setting the findings of April 4th and July 25th aside.