JOHN BUTCH *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7406)

Submitted September 7, 1932.   Decided September 13, 1932.

(Rehearing denied October 17, 1932)

*Ellison & Ellison,* for relator.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondents.

494

LIVELY, JUDGE:

The relator, John Butch, prays for manadamus against the state compensation commissioner to compel him to set aside his final order of April 18, 1932, and to hear his evidence on application for increased compensation.

Relator was working in the coal mine of the Guyan Eagle Coal Company and was injured by a slate fall on April 14, 1930. He was sent to a hospital in the city of Logan and was examined by Dr. Brewer of that hospital who made a diagnosis of his injuries and reported them to be a fracture of the right ramis and ischium; and fractures of the great toe and other toes of the right foot. His great, second and third toes of his right foot were amputated and treatment given to the injury to back and pelvis. On August 11, 1930, claimant made application for compensation. In March, 1931, Dr. Brewer reported the result of his treatment of claimant which he described, and reported satisfactory results, stating that Butch complained of pains in his back, that he walked with an odd limp, and complained of pains in his foot; and suggested that he be called before the department for a determination of disability to the claimant's back. Dr. Lambert was directed to x-ray claimant's pelvis and made a report of his examination on October 16, 1931, stating that there was a transverse fracture of right ischium and that the bones had healed in slight abnormal position and that the x-ray showed no evidence of disease of the osseous tissue. Dr. Lawson also examined the claimant and made a report to the commissioner on October 9, 1931, in which he described the injury and the treatment, saying the treatment had proven satisfactory and that the claimant's condition then was good and that he was able to return to work. He again made a report to the commissioner on October 15, 1931, again describing the injuries and treatment, stating that the present condition of the claimant was good; that he was able to return to work and that further hospitalization and surgery would not improve his condition, nor lessen his disability. These reports of Dr. Lawson were received before the x-ray examination was ordered to be made by Dr. Lambert who reported as stated above. However, on March 7, 1931, the

claimant's petition for compensation was passed upon and he was awarded compensation for 72 weeks at $12.60 per week, which the commissioner found awardable under an eighteen per cent. disability. This compensation was paid, the last payment being September 6, 1931, when the case was closed. On December 24, 1931, Butch was again examined by the compensation department physician, who reported the injury to the right foot, showing upon the re-examination that he had a fracture of the pelvis in the area of the right ischium which had healed and was then causing no difficulty and in fair position and that the pelvis was causing no difficulty; that the amputation of his toes was successful, the stumps had healed and in good condition, and that the main portion of the foot was not enlarged. After this examination, Butch was advised that he had been fully compensated for the disability and that his claim would stand closed as of September 6, 1931, the date of the last payment of his award. On February 8, 1932, Butch filed a formal petition detailing his injuries and what had been done, stating that he was unable to do any work because of these injuries; and that he was unable to perform labor because of injuries to his pelvis and back; and that he had suffered a permanent total disability. This application was accompanied by a statement from two physicians of Charleston, namely, Dr. Hamrick and Dr. Spaulding. Dr. Hamrick reported pain on pressure and motion of lumbar region; and proliferation of bone in region of lumbar vertabrae more marked over left side, and that x-ray of lumbar spine and ischium showed definite pathology, and gave it as his opinion that the man was unable to do manual labor. Dr. Spaulding's report was practically the same as that of Dr. Hamrick, except that he found no definite evidence of injury involving the bones of the pelvis. His conclusion was that the man had a "chronic arthritis of the spine". On February 8, 1932, Butch was advised by the commissioner that his petition (called affidavit) and report of Dr. Hamrick had been considered, together with the examination and report by the departmental physician, and he considered that full compensation had been awarded and paid. Later, on March 7, 1932, Butch filed with the Commissioner a

report of an examination made by Dr. Cannady on January 8, 1932, in which that physician found from x-ray of the lumbar spine marked proliferation charges and spur formation involving the margins of the bodies of the lumbar vertebrae, especially marked in the adjacent margins of the second and third lumbar vertebrae, but no injury or change involving the bones of the pelvis. His conclusion was that it was a chronic infective arthritis of the spine, and that "this man may have had chronic arthritis at the time of the injury and no doubt the condition was distinctly, for the time being at least, aggravated by the injury received in the mine." Then, on April 18, 1932, Butch was advised by letter that his claim had been examined, including the additional evidence filed, and that the "evidence filed does not show any disability the result of the injury for which the claimant (or you) has not been fully compensated.

Relator contends that he has not been compensated for the injury to his spine; while the commissioner has held that his disability, other than that for which he has been compensated, was not the result of his injury. In other words, the commissioner has found that the alleged condition of his spine did not result from the injury caused by the slate fall. Whether he is right or wrong in that conclusion cannot be determined in this mandamus proceeding. He cannot be mandamused to decide a controversy of fact in any particular way. Judgment and discretion is involved in a decision upon a controversy of fact. The decision of the commissioner denies the claimant compensation for the alleged condition of his lumbar region on the ground that it did not result from the accident and goes to the basis of his claim now in controversy. *Hall* v. *Commissioner,* 109 W. Va. 230, 153 S. E. 510. The proper proceeding in such situation is set out in chapter 23, article 5, section 1, Code 1931. Under that section, the action of the commissioner in making a finding of an award going to the basis of the claimant's right to compensation is final unless within ten days thereafter there is objection to such finding. By a long letter, dated April 28, 1932, at Charleston, West Virginia, Butch complained that he had been unjustly treated, and closed it with this sentence:

"My objections to your recent findings are submitted on this 28th day of April, 1932." This letter was filed with the commissioner on May 3, 1932. If objection is made within ten days after notice of the finding of the objectionable award is made, then the commissioner shall set a time and place for hearing of evidence and notify the parties. The objection prepared by claimant's attorney on April 28, came to the commissioner too late to be effective, and to require him to again open the case. The statute says his finding going to the basis of the claim is final unless the objection is made within ten days. That objection must be made to the commissioner, otherwise it is no objection. *Enyart* v. *Compensation Commissioner*, 109 W. Va. 613, 155 S. E. 913; *Davis* v. *Compensation Commissioner*, 110 W. Va. 25, 156 S. E. 844; *Proffitt* v. *Compensation Commissioner*, 108 W. Va. 438, 151 S. E. 307.

Even considering this mandamus in the nature of an appeal (and all appeals under the compensation statute are in the nature of mandamus, prohibition and the like, original jurisdiction, *Proffitt* v. *State Compensation Commissioner*, 108 W. Va. 438, 151 S. E. 307), appeal would not lie, for application for such so-called appeal must be made within ninety days from the commissioner's award going to the basis of the claim. More than ninety days elapsed before this petition was filed. Besides, mandamus does not lie "where the petitioner has a clear legal remedy, adequate to enforce his rights of which he failed to avail himself and which he lost through his own neglect." *Myers* v. *Compensation Commissioner*, 110 W. Va. 425, 430, 158 S. E. 512. And, again, an "appeal" (in the nature of mandamus) would not lie within ninety days unless objection had been made within ten days, as we held in the *Enyart* case, *supra*.

For failure to comply with the statute giving relator a right to compel a further hearing, the mandamus to compel the commissioner to set aside his final order of compensation and reopen the case for further hearing, is refused.

*Writ refused.*

498

On petition for rehearing:

While the petition for mandamus avers that the objection to the commissioner's order was made on the 28th day of April, 1932 (within ten days from its entry), the record brought in to support the petition shows that the objection (the long letter referred to in the opinion) was filed with the commissioner on May 3, 1932, more than ten days from the entry of the order. Which would control. In mandamus, the petitioner must show a clear legal right to have performance of the act sought. The petition for rehearing now states the fact to be that the letter containing the protest was actually filed with the commissioner on April 28th. We cannot now consider a different state of facts from what was shown on the submission of the case. That the protest was actually filed on April 28th, may or may not be controverted. If and when the record is corrected to show the fact now alleged to be true, the relator may have further remedy.