A. G. MATHEWS, *State Compensation Commissioner,*
*v.* PAUL E. DALE *et al.*

(No. 8494)

Submitted February 9, 1937. Decided February 23, 1937.

*John P. Arbenz,* for appellant.

*Clarence W. Meadows,* Attorney General, *Kenneth E. Hines,* Assistant Attorney General, and *Schmidt, Hugus & Laas,* for appellee State Compensation Commissioner.

FOX, JUDGE:

In February, 1926, the defendant, Paul E. Dale, then aged fifteen years and eight months, applied to the Wheeling Steel Corporation for employment. In his application for such employment, he stated that his age was nineteen years, and upon such representation he was put to work. Some time later, on February 9, 1926, while acting in the course of his employment, he was injured.

The Wheeling Steel Corporation being a subscriber to the Workmen's Compensation Fund, Dale applied to the Compensation Commissioner for compensation, and stated in writing that he was then twenty years old. On this application, an award of $480.00 was made to him, payable in installments, the last of which was paid on April 30, 1927; and an additional allowance of $600.00 was made to him for hospital and medical care.

On July 1, 1927, Dale, by his next friend, instituted his suit, in the Circuit Court of Ohio County, against the Wheeling Steel Corporation, for damages arising from the same injuries for which compensation was awarded. The basis of his claim, as alleged in his declaration, was that his employment by the Steel Corporation was illegal by reason of the fact that he was, at the date of employment and his injuries, under the age of sixteen years. In this action, he recovered a judgment of $5,000.00, which was affirmed by this court on April 19, 1932. *Dale* v. *Wheeling Steel Corporation,* 112 W. Va. 138, 164 S. E. 245.

Following the decision in that case, the Compensation Commissioner, on June 22, 1932, without notice to Dale, entered an order revoking the awards theretofore made, and on the same day instituted this suit to recover the amount paid thereon. During the progress of the suit, Dale interposed a demurrer to the bill, which was finally overruled, and an effort made to have such ruling reversed by this court. This court refused to docket the case, and he then filed his answer, after the expiration of the time fixed by statute for the tendering of such answer under Code 56-4-56. The plaintiff made no motion for a decree and subsequently an agreed statement of facts was filed, which the court below, in effect, held was a waiver of the plaintiff's alleged right to a decree for defendant's failure to seasonably file his answer, and the case was heard on its merits. From a decree in favor of the plaintiff, the defendant, Dale, prosecutes this appeal.

The plaintiff would sustain the decree of the court below on the grounds, alleged in his bill, that the actions of the defendant, Dale, in misrepresenting his age at the

time of his employment by the Steel Corporation, and when he applied to the Compensation Commissioner for compensation, were fraudulent, and fully justified a recovery against him for the amounts paid to him by reason of such fraud; and further, that defendant's answer should have been stricken from the record, and a decree entered on the bill as taken for confessed. On the other hand, the defendant denies the right to recover, saying (1) that the plaintiff was not authorized under the statute to sue; (2) that the revocation of the award to him being made without notice is void; and (3) that plaintiff's claim is barred by the statute of limitations, and that at most, the plaintiff could not maintain a suit after five years from April 30, 1927, the date when the final payment on the awards aforesaid was made. The plaintiff would defend against the alleged bar of the statute of limitations, by contending that the action of the defendant, Dale, in his continuing misrepresentation of his age until the institution of his suit against the Steel Corporation on July 1, 1927, when he first disclosed his true age, operated to obstruct the institution of his suit under Section 18, Chapter 104, Code 1923, and that this suit having been instituted within five years from that date, is not barred.

The questions raised with respect to the right of the plaintiff to sue, and certain questions of procedure should be first disposed of. The Compensation Commissioner had the right to institute and prosecute this suit; such right is necessarily implied in the statute giving him the power to collect and disburse all funds going into the Workmen's Compensation Fund. For the protection of this fund, such power must rest somewhere, and on no reasonable ground can we place it other than with the person having the right to collect and control the fund. True it is, that there is no express statutory authority giving to the commissioner this power, but the inherent power vested in the office, the necessary implications flowing from powers expressly granted, and the necessity of vesting this power somewhere to protect the fund against frauds, justify this holding. The fact that an

order was entered by the Compensation Commissioner, without notice to Dale, revoking the award of compensation made to him, was immaterial. It was not necessary to revoke the former award to sustain this suit. The basis of the claim against the defendant is his alleged fraud, and the suit itself, instituted on the same day the award was revoked is notice to the defendant, and the technical revocation of the award was not necessary, nor did it in any way prejudice him. In a court of equity, we deal with the substance of things, not the form. The case of *Yacomolish* v. *State Compensation Commissioner*, 110 W. Va. 79, 157 S. E. 45, dealt with a case where an award had been made which was in the course of being paid. Of course, it would not have been proper to reduce the award without notice to the person affected by such reduction. Here, the defendant had been paid the full amount of the award, and it being contended that he obtained the award through fraud, this suit was instituted to recover the amount paid to him. On the questions of procedure, we hold that the failure of the plaintiff to move for a decree, as he might have done under Code 56-4-56, and his subsequent agreement on the facts submitted to the court below, preclude him from raising the question of the delay in filing the answer of the defendant.

On the question of Dale's fraud in securing the award of compensation now sought to be recovered, it is only necessary to say that his employment by the Steel Corporation was prohibited by law. Code 21-6-2. *Dale* v. *Wheeling Steel Corporation, supra.* The Workmen's Compensation Law does not apply to persons prohibited by law from being employed. Code 23-2-1. *Mangus* v *Proctor-Eagle Coal Company*, 87 W. Va. 718, 105 S. E. 909; *Irvine* v. *Union Tanning Co.*, 97 W. Va. 388, 125 S. E. 110. Dale knowingly misrepresented his age, both in securing his employment and obtaining compensation, and thereby perpetrated a fraud against the Compensation Fund which justified the institution of this suit by the Compensation Commissioner.

The remaining question is whether or not the statute of limitations, pleaded in the answer, applies. Dale made

the first misrepresentation as to his age when he secured employment in February, 1926; he made another misrepresentation when he applied for compensation in April, 1926; these misrepresentations continued during the period when he accepted payments of compensation, and up to July 1, 1927, when he instituted his suit against the Steel Corporation, and for the first time disclosed his true age. The matter of his age was entirely within his own knowledge, and his failure to truthfully disclose his age operated as an obstruction to the prosecution of a claim against him, under Section 18, Chapter 104, Code 1923. Code 1931, 55-2-17. This suit was instituted within five years from the date when the defendant, Dale, for the first time, made a true statement of his age, and disclosed the fraud perpetrated against the Compensation Fund, and the same was not barred by the statute of limitations.

We are unable to distinguish between the fraud involved in the misrepresentations made when Dale secured his employment, and later, compensation, from the continuing misrepresentations which prevented the plaintiff from having knowledge of his right of action to correct the wrong resulting therefrom. This position is supported by the authorities. In *Vanbibber* v. *Beirne*, 6 W. Va. 168, this court held:

> "If it appear by proper pleadings supported by proof that the facts on which the cause of action is founded were exclusively in the knowledge of the defendant; that he fraudulently concealed those facts; and that by such ways and means he defeated and obstructed the plaintiff from bringing his action within the time limited, the statute of limitations is answered."

We find no case in conflict with this holding. *Thompson* v. *Whitaker Iron Co.*, 41 W. Va. 574, 23 S. E. 795, and *Boyd* v. *Beebe*, 64 W. Va. 216, 61 S. E. 304, 17 L. R. A. (N. S.) 660, relied on by defendant, are based on facts distinguishing them from the case at bar. At most, they hold that when a cause of action arises out of fraud, the statute of limitations runs from its perpetration; that

mere silence on the part of him who perpetrates the fraud does not amount to such obstructions as avoids the statute; and that there must be some affirmative act of obstruction or concealment to avoid the same. In this case, the same act of concealment resulted in the fraudulent collection of a substantial sum of money and the suppression of facts which, if disclosed, would have advised the plaintiff of his rights. Such concealment was the positive and affirmative action of the defendant, and brings this case clearly in line with the holding of this court in *Vanbibber* v. *Beirne, supra,* and the general law on the subject.

The decree of the Circuit Court is, therefore, affirmed.

*Affirmed.*