HARRY T. COTTRELL

*v.*

STATE COMPENSATION COMMISSIONER
AND UNION CARBIDE CORPORATION

(No. 12014)

Submitted April 13, 1960.    Decided June 21, 1960.

*James G. Jeter, Jr.,* for appellant.

*Benjamin D. Tissue,* for appellee.

GIVEN, JUDGE:

This appeal is from an order of the Workmen's Compensation Appeal Board, made on the 10th day of December, 1959, which affirmed an order of the State Compensation Commissioner made on the 15th day of July, 1959. The order of the commissioner which is affirmed attempted to set aside, vacate and annul an order made by the commissioner on the 14th day of May, 1959, from which order no appeal was sought.

Claimant, Harry T. Cottrell, suffered a compensable injury on January 6, 1954, for which he was ultimately paid a twenty five per cent permanent partial disability, the last payment therefor having been made January 22, 1956. More than a year later, February 4, 1957, claimant suffered a second injury, somewhat in the nature of the first, and his claim for compensation therefor was timely filed. In the second claim the commissioner first held the injury not compensable, but the injury was ultimately held compensable and the claimant was, by the commissioner, referred to a physician for an examination, who recommended ''an award of 10% permanent partial disability for this man's injury of February 4, 1957''. Claimant, on motion of the employer, was then by the commissioner referred to three physicians for further examination.

One of the three physicians, after mentioning in his report the effects of each injury, was of the ''opinion the permanent partial disability is 35 per cent'', but did not indicate what percentage of the disability resulted from the second injury. Another of the physicians, to whom claimant was referred on motion of

the employer, recommended "an award for 10% permanent partial disability attributable to this injury", meaning the second injury. The other physician gave an opinion that "in addition to the 25% p.p.d. already granted this claimant has an additional 10% p.p.d. and I attribute this to aggravation that has occurred since his original injury". The claimant offered no evidence, but agreed that the matter be submitted on the evidence detailed.

The commissioner then entered the order of May 14, 1959, which granted claimant a "35% permanent partial disability award, less any compensation heretofore paid". The self insured employer did not object to the entry of the order but, after having been directed by the commissioner to pay the thirty five per cent award, and after the expiration of thirty days from the entry of the order, objected to making the payment, contending that the intention of the order of May 14, 1959, was that the amount of the twenty five per cent award for which payment had theretofore been made should be deducted from the amount of the thirty five per cent award. The commissioner, without any notice to claimant, reconsidered the matter and entered the order of July 15, 1959, which reads: "This claim came on again to be considered this 15th day of July, 1959, upon the entire record, particularly upon the Commissioner's ruling of May 14, 1959; upon consideration of all of which, it is hereby ordered and directed that the aforesaid ruling of May 14, 1959, be and the same is hereby set aside, vacated and annulled, it appearing that the aforesaid ruling of May 14, 1959, was inadvertently entered; it is further ordered and directed that the Commissioner's ruling of October 21, 1958, granting the claimant a 10% permanent partial disability award, be and the same is hereby affirmed; all of which is accordingly so ordered."

Two questions are posed. Did the commissioner have jurisdiction to vacate or set aside the order of May 14, 1959, or to enter the order of July 15, 1959, and, if not, should the order of May 14, 1959, be interpreted

in accordance with the proof before the commissioner, to the effect that claimant was granted only a ten per cent award for the second injury?

In considering the question relating to the power of the commissioner to vacate the order of May 14, 1959, it should be noticed that the power of the commissioner to reopen, or to further consider, a claim, pursuant to provisions of Code, 23-4-16, as amended, or Code, 23-5-1a, 1b or 1c, as amended, is not involved. There is involved here only the power of the commissioner to vacate, modify or annul an order entered by him, without further notice or hearing, after such an order has become final. Code, 23-5-1, as amended, provides that "The commissioner shall have full power and authority to hear and determine all questions within his jurisdiction * * * and such action of the commissioner shall be final unless the employer, employee, claimant or dependent shall, within thirty days * * * object in writing, to such finding". If such an objection is made, "After final hearing the commissioner shall * * * render his decision affirming, reversing or modifying, his former action, which shall be final". The section further provides for a review by the appeal board of such final action if petition therefor be filed "within thirty days of receipt of notice of the commisioner's final action". The language quoted seems to make it clear that once an order entered by the commissioner has become final he has no longer any power or authority to change, vacate or modify it, except in certain circumstances not applicable here. To hold otherwise or to give the language any other meaning would, in effect, deny finality to such orders, and leave all parties uncertain as to what their rights and duties under any order might be. The conclusion is in accord with the decisions relating to compensation cases and, as well, to court orders generally. See *Blosser v. State Compensation Commission,* 132 W. Va. 112, 51 S. E. 2d 71; *Blevins v. State Compensation Commissioner,* 127 W. Va. 481, 33 S. E. 2d 408; *Madden v. State Compensation Commissioner,* 113 W. Va. 576, 169 S. E. 170;

*Butch v. State Compensation Commissioner,* 112 W. Va. 493, 165 S. E. 672; *Yacomolish v. State Compensation Commissioner,* 110 W. Va. 79, 157 S. E. 45.

The evidence on which the order of May 14, 1959, was based, detailed above, clearly indicates, perhaps conclusively demonstrates, that the only order which the commissioner should have entered was one for a ten per cent permanent partial disability for the second injury. It is contended that the order of May 14, 1959, has that effect, since it requires the payment of the thirty five per cent award, "less any compensation heretofore paid". If we can examine the evidence in support of the claim made as to the second injury in applying or interpreting that order, clearly it must be given that effect. If we look to that language, the phrase "less any compensation heretofore paid" becomes meaningless unless the percentage of disability paid as to the first claim is deducted from the thirty five per cent award for, admittedly, no "prior" payments were made as to the second injury.

We think, however, the authorities are clear, even where such an order is entered by a court having jurisdiction, that such a final ambiguous order may be interpreted and applied in the light of pertinent evidence in the case. In *Laing v. Price,* 75 W. Va. 192, 83 S. E. 497, it is held: "3. Ambiguity in a decree as to the ground of the decision authorizes resort to the record of the cause for solution thereof." See *Tressler Coal Mining Co. v. Klefeld,* 125 W. Va. 301, 24 S. E. 2d 98; *Farmers of Greenbrier Co. v. County Court of Greenbrier Co.,* 105 W. Va. 567, 143 S. E. 347; *Dudley v. Browning,* 79 W. Va. 331, 90 S. E. 878; *Waldron v. Harvey,* 54 W. Va. 608, 46 S. E. 603.

In 49 C.J.S., Judgments, Section 436b, we find this statement: "In case of doubt or ambiguity a judgment may be construed in the light of the entire judgment roll or record." In 30A Am. Jur., Judgments, Section 69, we find this statement: "The judgment may be read in connection with the entire record and construed

accordingly, at least where there is uncertainty and ambiguity''.

The true intent of the order of May 14, 1959, therefore, was to grant to claimant a ten per cent permanent partial disability. The order must be so interpreted and applied. For the reasons stated in this opinion, the order of the Workmen's Compensation Appeal Board must be affirmed.

*Affirmed.*

BROWNING, PRESIDENT, concurring:

I concur with the result reached by the Court in this case, but disagree with the reasons assigned for the decision. In my opinion, there is no ambiguity in the Commissioner's order of May 14, 1959, granting the claimant a ''35% permanent partial disability award, less any compensation heretofore paid''. This is a routine order which complies fully with the provisions of Code, 23-4-6(i), which provides that, when a claimant receives a permanent partial disability award, the amount of compensation theretofore paid for temporary total disability resulting from the same injury shall be deducted therefrom. The record shows that the claimant had previously received payments totaling $642.86 as compensation for temporary total disability under the claim.

The Commissioner, or someone acting for him, simply made a mistake and granted the claimant a 35% award when he was entitled only to a 10% award. The Court in its opinion agrees with that conclusion, and stated the evidence on which the award was based: ''* * * clearly indicates, perhaps conclusively demonstrates, that the only order which the commissioner should have entered was one for a ten per cent permanent partial disability for the second injury. * * *'' Admittedly, for an injury of January 6, 1954, the claimant had received a 25% permanent partial dis-

ability award and had been paid in full thereunder, but the order of May 14, 1959, makes no reference to that injury, to the claim number of the old case, nor in any way identifies the previous 25% award as "compensation heretofore paid". If the usual language contained in the Commissioner's permanent partial disability orders, pursuant to the statutory provision above noted, "less any compensation heretofore paid"., may be construed to include compensation paid for all previous injuries which the claimant may have received during his lifetime, when no reference is made to such previous injuries, I fear the creation of confusion in the administration of the Workmen's Compensation Fund and the possible opening of loopholes by which an employer might be permitted, after the thirty day statutory period, to come in and deny responsibility for any charge against his account until all deductions had been made for payments received under previous awards.

It is true that there is no express provision of the Workmen's Compensation Law of this State, all of which is contained in Chapter 23 of the Code, for vacating or changing an award procured or made through fraud or mistake. However, it is my view that the broad express powers given the State Compensation Commissioner under Chapter 23 are such that he is invested with the implied power to vacate an award procured or made through fraud or mistake. Of the thousands of claims that are handled in that department every month, it is reasonable to assume that mistakes are made, both favorable to claimants and employers, and, if they go unnoticed until after such awards have become "final", it would appear incongruous indeed if the Commissioner's only recourse to correct such a mistake was to resort to an independent suit in equity, with all of the delays incident thereto, to correct the mistake. Although the statute gives the Commissioner no authority to maintain an action or suit, the first syllabus point in *Mathews, State Compensation Commissioner v. Dale, et al.,* 118 W. Va. 303, 109 S. E. 338, reads: "Where an award of compensa-

tion is secured through a fraudulent misrepresentation, and money paid thereon, the Compensation Commissioner is a proper plaintiff in a suit to recover the same.'' The passage of time for protest or appeal does not prevent the Commissioner from maintaining a motion for judgment proceeding to recover compensation erroneously paid to an employee as was held in *State v. Pritt*, 132 W. Va. 184, 51 S. E. 2d. 105. If the State Compensation Commissioner may recover the amount of money erroneously paid under an award that has become final in all respects, it is my opinion that he has the implied power, in the first instance, to correct his own order before payment is made, and thus avoid subsequent litigation. In accord with this view, the Virginia court, in *Harris et al. v. Diamond Const. Co.*, Va., 36 S. E. 2d. 573, held that the Industrial Board of that state ''has the implied power, incidental to those expressly granted, to entertain and hear an application seasonably presented, to vacate and set aside an award procured through fraud or mistake.* * *'' To the same effect are: *Homan v. Belleville Lumber & Supply Co.* (Ind.), 8 N. E. 2d. 127; *Butts v. Montague Bros.* (N. C.), 179 S. E. 799; *In Re Crawford* (S. C.), 30 S. E. 2d. 841. See also 2 Larson's Workmen's Compensation Law, §81.51 and §81.53.

For the reasons herein stated, I, therefore, disagree with the syllabus prepared in conformity with the majority opinion, but concur in the affirmance of the orders of the Workmen's Compensation Appeal Board and the State Compensation Commissioner.