587 S.E.2d 757

**Judy Grisler (Michels) TRIMBLE, Appellant,**

v.

**William MICHELS, Appellee.**

No. 30533.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 2003.

Decided Oct. 10, 2003.

Scott Curnutte, Supervising Lawyer, Elkins, West Virginia.

William Michels, Pro Se.

Mariatu Kargbo, Robert Kenamond, Spencer Dennison, Student Lawyers, WVU Clinical Law Program, Morgantown, West Virginia, Attorneys for Appellant.

Kimberly D. Bentley, Charleston, for the West Virginia Bureau for Child Support Enforcement.

Chief Justice STARCHER deeming himself disqualified, did not participate in the decision of this matter.

PER CURIAM:

Judy Trimble, appellant/plaintiff below (hereinafter referred to as "Ms. Trimble"), appeals from an order of the Circuit Court of Monongalia County that vacated a January 2, 1992, order obligating her former spouse, William Michels, appellee/defendant below (hereinafter referred to as "Mr. Michels"),[1] to pay child support. Ms. Trimble contends that it was error for the circuit court to nullify the 1992 order. Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we conclude that the circuit court erred by nullifying the entire 1992 order.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The parties were married on August 28, 1983. During the marriage, the parties had two children. In 1987, Ms. Trimble filed for a divorce. By order entered February 10, 1988, the parties were divorced. The final divorce decree adopted a recommendation by the family law master, which found that Mr. Michels did not have sufficient income to pay child support.[2] However, the family law master's recommendation did not relieve Mr.

Michels of paying child support. The recommendation specifically stated that "no sum be paid in child support ... until such time as [Mr. Michels] receives gainful employment and that immediately upon obtaining such gainful employment, he shall ... submit to this commission for re-hearing for the purpose of setting an amount of child support[.]"

Ms. Trimble was actually living in Colorado about the time of the divorce. After the divorce, she received A.F.D.C.[3] benefits from the state of Colorado. Consequently, in 1991 the State of Colorado filed a reciprocal dependency action against Mr. Michels seeking reimbursement of $16,355.75 for benefits paid to Ms. Trimble. At the same time, the West Virginia Child Advocate Office sought payment of child support from Mr. Michels as a result of his obtaining gainful employment.

In an order entered January 2, 1992, the circuit court required Mr. Michels to make prospective payments of child support in the amount of $249 per month. The 1992 order also granted a decretal judgment in favor of the state of Colorado and against Mr. Michels in the amount of $16,355.75, with interest at 10%. Mr. Michels failed to appeal any portion of the 1992 order.

On September 11, 1998, Mr. Michels filed a motion pursuant to Rule 60(b) of the W. Va. Rules of Civil Procedure seeking relief from the 1992 order. Specifically, Mr. Michels sought to vacate that part of the 1992 order which imposed a decretal judgment against him and in favor of the state of Colorado. Mr. Michels argued that, insofar as the 1988 divorce decree did not impose child support upon him because of his lack of gainful employment, the 1992 order should not have required him to repay the child welfare benefits paid to the state of Colorado. Mr. Michels also asserted that he was not allowed to

1. Mr. Michels is not represented by counsel. No brief was filed on his behalf. Mr. Michels did, however, forward a letter to this Court wherein he indicated that he has made child support payments from 1992 to the present. Also, a former attorney of Mr. Michels submitted a letter indicating that the relief requested by Ms. Trimble is not prejudicial to Mr. Michels. The attorney's letter indicated that the order complained of in this appeal exceeded the relief Mr. Michels had sought. Finally, a notice of appearance was filed by counsel for the Bureau for Child Support

Enforcement. The notice stated that the Bureau adopted Ms. Trimble's positions and arguments.

2. The West Virginia Legislature has abolished the office of family law master and replaced it with the office of family court judge. *See* W.Va.Code § 51–2A–1, *et seq.* To maintain consistency with the proceedings underlying this appeal we will continue to use the phrase "family law master."

3. Aid to Families with Dependent Children.

present evidence providing that he had no income during the time period Ms. Trimble received benefits from the state of Colorado. The circuit court granted the relief requested by Mr. Michels by order entered on November 17, 1998, thereby voiding any monies owed to the State of Colorado.

On March 24, 2000, Ms. Trimble filed a motion for modification of the child support order. Ms. Trimble sought an increase in the amount of child support. In ruling upon this request, the circuit court entered an order on October 3, 2001, which effectively relieved Mr. Michels of *all* child support obligations from the date of the divorce through May 31, 1998.[4] The order set forth the amount of child support Mr. Michels had to pay beginning on June 1, 1998.[5] Here, Ms. Trimble appeals that part of the October 3, 2001 order which nullified past child support payments owed by Mr. Michels under the 1992 order.

## II.

## STANDARD OF REVIEW

■ In this proceeding we are asked to review a decision by the circuit court, that was recommended by the family law master, which relieved Mr. Michels of child support payments for the period from January 2, 1992, to May 31, 1998. The standard of review used to address this matter was set out in syllabus point 1 of *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995):

In reviewing challenges to findings made by a family law master that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a de novo review.

4. The circuit court adopted findings by the family law master which had concluded that the November 17, 1998, order relieved Mr. Michels of *all* child support obligations.

5. The order found that effective June 1, 1998, Mr. Michels' child support obligation was

With due consideration for this standard, we proceed to the substantive issue to be resolved in this case.

## III.

## DISCUSSION

■ Pursuant to an order entered on January 2, 1992, Mr. Michels was found to be gainfully employed. Therefore, he was required to make prospective child support payments in the amount of $249 per month. Mr. Michels made all child support payments. In 2000, Ms. Trimble sought to modify the child support and obtain an increase in the monthly child support payments. In considering Ms. Trimble's 2000, request the family law master and circuit court determined that, under a November 17, 1998 order, Mr. Michels was relieved of *all* child support payments from the date of the divorce to May 31, 1998. Here, Ms. Trimble contends that the lower tribunals had no authority to cancel accrued child support under the 1992 order. We agree.

■ In syllabus point 2 of *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987), this Court held that:

The authority of the circuit courts to modify alimony or child support awards is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments.

*Accord* Syl. pt. 4, *Collins v. Collins*, 209 W.Va. 115, 543 S.E.2d 672 (2000); Syl. pt. 2, *Dalton v. Dalton*, 207 W.Va. 551, 534 S.E.2d 747 (2000); *Griffis v. Griffis*, 202 W.Va. 203, 212, 503 S.E.2d 516, 525 (1998).

In the instant case, there was no showing of fraud or other impropriety by Ms. Trimble when she obtained the 1992 order that imposed child support obligations on Mr. Mi-

$249.00 per month; effective May 1, 2000, the obligation increased to $327.88 per month; effective January 1, 2001, the obligation increased to $328.56 per month; and effective September 1, 2001, the obligation decreased to $226.66 per month.

chels. The October 3, 2001, order which purported to nullify past child support payments by Mr. Michels pursuant to the 1992 order was the result of a misinterpretation of an ambiguous order entered on November 17, 1998.

The 1998 order was entered after Mr. Michels challenged a provision in the 1992 order that imposed a decretal judgment against him and in favor of the State of Colorado. In granting Mr. Michels the relief he requested, the circuit court's 1998 order stated specifically: "[T]he Order entered by this Court ... dated January 2, 1992, was entered in mistake; therefore, [Mr. Michels] is granted the relief requested, such Order is deemed void and [Mr. Michels] has no past or prior obligations under such Order." This language in the 1998 order is ambiguous. It could reasonably be interpreted as vacating the State of Colorado decretal judgment *and also voiding* the prospective child support obligations imposed under the 1992 order. However, Mr. Michels sought relief only from the State of Colorado decretal judgment. The issue of prospective child support from January 1992 forward was not before the court that rendered the 1998 order. In fact, Mr. Michels was gainfully employed in 1992 when his child support payments were set at $249 per month.

■ This Court has held that "[a]s a general rule judgments are to be construed like other written instruments[.]" *Shears v. Adams*, 145 W.Va. 250, 255, 114 S.E.2d 585, 588 (1960). With respect to ascertaining the intent of a court that entered an ambiguous order, we have held:

> In construing a decree the intent of the court granting it will be looked to, and provisions may accordingly be sometimes implied. The decree will be construed and restricted in accordance with the pleadings and even with reference to other parts of the record.

*State ex rel. Moore v. Munchmeyer*, 156 W.Va. 820, 827, 197 S.E.2d 648, 653 (1973) (quoting *Beecher v. Foster*, 66 W.Va. 453, 457, 66 S.E. 643, 645 (1909)). *See also State ex rel. Beckett v. Boles*, 149 W.Va. 112, 119,

138 S.E.2d 851, 856 (1964) ("In case of doubt or ambiguity a judgment may be construed in the light of the entire judgment role or record."); *Cottrell v. State Compensation Comm'r*, 145 W.Va. 336, 340, 115 S.E.2d 153, 156 (1960) ("[A] final ambiguous order may be interpreted and applied in the light of pertinent evidence in the case."). Moreover, we held in the single syllabus of *Farmers of Greenbrier County v. The County Court of Greenbrier County*, 105 W.Va. 567, 143 S.E. 347 (1928), that:

> Where a judgment is susceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective and conclusive, and which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered.

The record supports Ms. Trimble's contention. Mr. Michels sought only to challenge the State of Colorado decretal judgment provision of the 1992 order. In fact, the prayer for relief in Mr. Michels' 1998 complaint states: "WHEREFORE, the Defendant respectfully requests that this Court relieve him from the decretal judgment issues against him and in favor of the State of Colorado; that this Court relieve him from the interest that has accrued on the decretal judgment[.]" Moreover, in a letter written to this Court by the attorney who represented Mr. Michels when the November order was entered, the attorney stated: "[I]t appears to me that the Family Law Master's interpretation of the ... Order entered on November 17, 1998 exceeds any relief actually requested by Mr. Michels at that time." In a letter dated September 2, 2003, which was written by Mr. Michels to this Court, he stated the following:

> After reviewing Appellant's Brief No. 30533, I consulted my attorney because I did not understand several of the statements made in this document. She pointed out that this stems from mistakes made by the Family Law Master of Monongalia County. I do not dispute my child support obligation, ... I have been making [payments] since 1992 through the present[.]"

Finally, in a notice of appearance by counsel for the Bureau for Child Support Enforcement, it was stated that "[t]he Bureau for Child Support Enforcement hereby adopts the positions and arguments set forth in the Petition for Appeal on Behalf of Petitioner, Judy (Michels) Trimble."

Based upon the evidence, it is clear that the court misinterpreted the ambiguous language in the 1998 order. As a result of this misinterpretation, the 2001 order erroneously nullified past child support payments owed by Mr. Michels under the 1992 order. To be clear, we *do not* disturb that part of the October 3, 2001, order which nullified the State of Colorado's decretal judgment plus any interest accrued thereon against Mr. Michels.

## IV.

### CONCLUSION

In view of the foregoing, we vacate only that part of the October 3, 2001, order that nullified past child support payments by Mr. Michels under the January 2, 1992, order. This case is remanded for an accurate accounting of monies received and/or paid by Mr. Michels [6] as a result of the nullification of the Colorado decretal judgment as well as any interest accrued thereon.[7]

Reversed and Remanded.

6. On remand the circuit court has the discretion to transfer the accounting issue to a family court judge.

7. This Court is specifically concerned about Mr. Michels receiving appropriate credit, vis-a-vis child support payments, for any reimbursed de-

cretal judgment monies obtained from the state of Colorado. In Mr. Michels' letter to this Court he stated that he turned over reimbursed decretal judgment monies to the "local Child Advocate office."