599 S.E.2d 883

**Nancy A. BRUCE, Plaintiff Below, Appellant**

v.

**Delmos Lloyd STEELE, Amos L. Brady, Alan Brady, and Robert Allen Brady, Defendants Below, Appellees.**

No. 31594.

Supreme Court of Appeals of West Virginia.

Submitted April 27, 2004.

Decided July 2, 2004.

William C. Martin, Esq., Sutton, West Virginia, Attorney for Appellant.

Bernard R. Mauser, Esq., Sutton, West Virginia, Attorney for Appellees.

PER CURIAM:

The appellant appeals from the Braxton County Circuit Court's order, arguing that the court erred in failing to grant the appellant Nancy A. Bruce prejudgment interest on child support arrearages. We affirm the circuit court's order.

I.

By an order dated September 7, 1982, an Alabama court divorced the appellant Nancy A. Bruce from the appellee Delmos Lloyd Steele, and ordered Mr. Steele to pay child

support.[1] According to Ms. Bruce, Mr. Steele thereafter failed to make any child support payments.

On March 24, 1998, Ms. Bruce executed an "Affidavit of Past Due Support" in the State of Alabama. In August of 1998, the West Virginia Department of Health and Human Resources, Child Support Enforcement Division, filed a "Notice of Registration of Foreign Support Order for Enforcement Only" and a Motion for Decretal Judgment, in the Braxton County Circuit Court on behalf of Ms. Bruce. The motion alleged that Mr. Steele had failed to make child support payments for the months of September 1982 though June 1986 (the year that the child reached maturity), and that he owed an arrears of $32,136.00, as of August 1998, for past due child support.

On December 22, 1998, the Braxton County Family Law Master held a hearing on the motion for decretal judgment; Mr. Bruce failed to appear. A "Notice of Recommended Order" and a copy of the proposed order were mailed to Mr. Bruce on February 19, 1999. This Notice advised Mr. Steele that he had until March 4, 1999, to file objections to the proposed order. Mr. Steele failed to file any objections.

On March 7, 1999, the Braxton County circuit court approved the family law master's recommended order and entered a judgment order awarding the appellant $33,063.00.

The order stated in pertinent part that:

The plaintiff, Nancy A. Bruce is awarded a decretal judgment in the amount of Thirty–Three Thousand Sixty Three and 00/100 ($33,063.00) for accrued Court ordered child support from September 3, 1982 to October 31, 1998, plus interest.

On March 23, 1999, the Child Support Enforcement Division filed a lien against Mr. Steele's property located in Braxton County by filing an abstract of judgment with the Clerk of the County Commission of Braxton County. At the time the lien was filed, Mr. Steele and Etta Steele Brady held title as joint tenants with rights of survivorship to

---

1. The Alabama order is not part of the record.

approximately ninety-nine acres of land in Braxton County.

On October 1, 1999, Etta Steele Brady died and Mr. Steele became vested with complete title to the ninety-nine acres of land.

On November 3, 1999, Mr. Steele transferred his interest in the land to the appellees, Amos L. Brady, Alan Brady, and Robert Allen Brady ("the Bradys"), reserving a life estate for himself. The deed to the Bradys states that the consideration for the property was Ten Dollars ($10.00).

On December 20, 1999, the appellant caused a writ of execution to be issued against the property. The writ of execution was returned unsatisfied.

In June of 2000, Ms. Bruce filed a lawsuit to enforce the judgment lien, naming Delmos Lloyd Steele, Amos L. Brady, Alan Brady, and Robert Allen Brady as defendants.

On June 30, 2000, the appellees filed an answer, arguing that Ms. Bruce's complaint failed to state a claim upon which relief could be granted and that the statute of limitations barred her action. The appellees also asserted the affirmative defense of accord and satisfaction. Separately, the Bradys claimed that they were bona fide purchasers of the ninety-nine acres of land.

During the pendency of the action, Mr. Steele died on January 15, 2001. The circuit court continued the case until Mr. Steele's personal estate was settled. Ms. Bruce received $10,834.44 from the settlement of Mr. Steele's personal estate.

On September 9, 2002, Ms. Bruce filed a complaint with the circuit court to appoint a special commissioner to sell the ninety-nine acres of land that Mr. Steele had transferred to the Bradys. The circuit court appointed both parties' counsel as special commissioners for the sale of the real estate, and required counsel to determine what, if any, liens existed against the property, and the priority of the liens.

A sale was held on the courthouse steps on October 3, 2002, and the ninety-nine acres sold for $85,000.00.[2] The parties were unable to agree on the distribution of the proceeds of the sale.

On October 31, 2002, Ms. Bruce filed a memorandum with the circuit court arguing that Mr. Steele owed her at least $81,342.62 in principal and interest. Ms. Bruce argued that the phrase "plus interest" in the March 1999 order included additional interest dating back to September 1982 when Mr. Bruce first failed to pay the court-ordered child support payments.

The Bradys argued that Ms. Bruce was limited to $33,063.00—the amount of money declared in the abstract of judgment—plus the interest that had accrued since the entry of the abstract on March 23, 1999, less the $10,844.44 she had already received from the settlement of Mr. Steele's personal estate.

The parties returned to circuit court on November 1, 2002, and on November 15, 2002. In its November 2002 order, the circuit court found that Ms. Bruce was entitled to $33,063.00, the amount of the March 1999 judgment, plus any interest that had accrued since that date.

The circuit court's order determined that the appellant was owed an "unpaid amount of the judgment in the sum of $34,066.92."[3]

Ms. Bruce appeals from the circuit court's order.

## II.

■ "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

■ "Matured installments provided for in a decree, which orders the payment of

---

2. The expenses of the sale totaled $5,758.08; this left a balance of $79,241.92 for distribution.

3. In its order, the circuit court calculated that the appellant was owed $11,847.36 in interest on the March 1999 judgment. The circuit court then subtracted the $10,843.44 that Ms. Bruce had received from the settlement of Mr. Steele's personal estate from the total amount owed, leaving an unpaid amount of $34,066.92.

monthly sums for alimony or child support, stand as 'decretal judgments' against the party charged with the payments." Syllabus Point 1, *Goff v. Goff,* 177 W.Va. 742, 356 S.E.2d 496, (1987), and mature child support installments are judgments for money that accrue statutory interest from the date the payments are due. Syllabus Point 5, *Goff v. Goff,* 177 W.Va. 742, 744, 356 S.E.2d 496, 498 (1987).

W.Va.Code, 56–6–31 [1981] provides that "every judgment or decree for the payment of money ... shall bear interest from the date thereof" at the rate of ten percent per annum.[4] Both pre-judgment and post-judgment interest are calculated at the rate of ten percent per annum. Pre-judgment interest is a "form of compensatory damages intended to make an injured plaintiff whole as far as loss of use of funds is concerned." Syllabus Point 1, in part, *Buckhannon–Upshur County Airport Authority v. R & R Coal Contracting, Inc.,* 186 W.Va. 583, 413 S.E.2d 404 (1991). "Where there exists no statute or express written agreement establishing the type of prejudgment interest as being compound, and in the absence of a recognized exception which would permit the recovery of compound prejudgment interest, prejudgment interest is simple in kind." Syllabus Point 1, *Hensley v. West Virginia Dept. of Health and Human Resources,* 203 W.Va. 456, 508 S.E.2d 616 (1998).

Post-judgment interest compensates an individual for "the delay between the judgment and the receipt of actual payment." *Adams v. Nissan Motor Corp. in U.S.A.,* 182 W.Va. 234, 241, 387 S.E.2d 288, 295 (1989).

Judgments are, at times, open to differing interpretations. As a general rule, "judgments are to be construed like other written instruments." *Shears v. Adams,* 145 W.Va. 250, 255, 114 S.E.2d 585, 588 (1960). As quoted by this Court recently in *Trimble v. Michels,* 214 W.Va. 156, 159, 587 S.E.2d 757, 760 (2003), "[w]here a judgment is sus-

ceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective and conclusive, and which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered." Syllabus, *Farmers of Greenbrier County v. The County Court of Greenbrier County,* 105 W.Va. 567, 143 S.E. 347 (1928).

Ms. Bruce argues that the circuit court erred in not awarding her additional interest dating back to September of 1982 based on the phrase "plus interest" in the March 1999 order.

In the instant case, we interpret the phrase "plus interest" as mere surplusage in the March 1999 order. We further find that the circuit court's March 1999 judgment includes pre-judgment interest from August of 1998, when the Child Support Enforcement Division first sought to enforce the Alabama order against Mr. Steele in West Virginia, until the entry of the order in March of 1999. The inclusion of prejudgment interest in the circuit court's March 1999 order explains the difference between the amount Ms. Bruce requested, $32,136.00, and the amount awarded in the judgment, $33,063.00. Such a finding harmonizes the facts of the case with the law.

We further find that the circuit court properly calculated post-judgment interest, at the rate of ten percent per annum, on the March 1999 decretal judgment and that the judgment continues to accrue interest until paid.

### III.

Therefore, we affirm the circuit court's order and hold that Ms. Bruce is entitled to both pre-judgment and post-judgment interest as calculated by the circuit court. We find that simple interest began accruing in August of 1998 and continued to accrue until

---

4. *W.Va.Code,* 56–6–31 [1981] states in pertinent part that:

> Except where it is otherwise provided by law, every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it

be so stated in the judgment or decree or not.... The rate of interest shall be ten dollars upon one hundred dollars per annum, and proportionately for a greater or lesser sum, or for a longer or shorter time, notwithstanding any other provisions of law.

the entry of judgment in March of 1999 and accrues thereafter until paid.

Affirmed.