# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2013 Term

_____

No. 13-0005

_____

FILED

**April 25, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL. COMMISSIONER,
WEST VIRGINIA DIVISION OF MOTOR VEHICLES,
Petitioner

v.

THE HONORABLE DEREK SWOPE,
JUDGE OF THE CIRCUIT COURT OF MERCER COUNTY
AND BRANDON WHITE,
Respondents

_____

ORIGINAL PROCEEDING IN PROHIBITION

WRIT GRANTED

_____

Submitted April 16, 2013
Filed: April 25, 2013

Patrick Morrisey, Esq.
Attorney General
Elaine L. Skorich, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Petitioner

R. Thomas Czarnik, Esq
R. Thomas Czarnik & Associates
Princeton, West Virginia
Counsel for Brandon White

The Opinion of the Court was delivered PER CURIAM.

**SYLLABUS BY THE COURT**

1. "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

2. "When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959).

**Per Curiam:**

This original proceeding is before this Court upon the petition of the Commissioner of the West Virginia Division of Motor Vehicles seeking to prohibit further consideration in the Circuit Court of Mercer County of Brandon White's appeal from the order of the Office of Administrative Hearings upholding the revocation of White's driver's license.

White's license was revoked by the Commissioner in 2011 for driving under the influence of alcohol. Following an unsuccessful challenge before the Office of Administrative Hearings, White filed an appeal in circuit court. In an order entered on December 7, 2012, the circuit court stated that the appeal was timely filed. In addition, the order of the circuit court set forth a briefing schedule and time frame for disposition of the case.

The Commissioner contends that White's appeal was not filed in the circuit court within the thirty day period specified in *W.Va. Code*, 29A-5-4(b) [1998], of the *State Administrative Procedures Act*, and that, therefore, the circuit court exceeded its jurisdiction in declaring White's appeal timely.

Upon examination of the petition, the response, the exhibits and the argument of

1

counsel, this Court concludes that White's appeal was not filed within the thirty day period specified in the statute and that, consequently, the Commissioner is entitled to relief in prohibition. Having, thus, exceeded its jurisdiction in declaring the appeal timely, the Circuit Court of Mercer County is prohibited from further consideration of White's appeal from the order of the Office of Administrative Hearings upholding the revocation of his driver's license.

## I. Factual and Procedural Background

On May 9, 2011, Brandon White, driving a Ford Escort, rear-ended another vehicle in the City of Princeton, Mercer County. White was arrested at the scene for driving while under the influence of alcohol. *W.Va. Code*, 17C-5-2 [2010]. His secondary chemical test administered soon thereafter produced a reading of .171% blood alcohol by weight. In June 2011, the Commissioner of the Division of Motor Vehicles entered an order revoking White's license for the offense of driving a motor vehicle in this State while under the influence of alcohol. *W.Va. Code*, 17C-5A-1 [2008].

White challenged the revocation, and an evidentiary hearing was conducted by the Hearing Examiner for the Office of Administrative Hearings. *W.Va. Code*, 17C-5C-1 [2010], *et seq*. On July 25, 2012, a joint administrative order was entered reflecting the decision of the Hearing Examiner and, upon review, the decision of the Chief Hearing Examiner. Both

2

the Hearing Examiner and the Chief Hearing Examiner upheld the Commissioner's order of revocation.[1]

Addressing White's right to file an appeal in circuit court from the revocation, the decision of the Chief Hearing Examiner stated:

> This Final Order shall become effective after the passage of ten (10) business days from the date of entry thereof, exclusive of the date of entry. Any party aggrieved by this decision may petition for appeal of same in accordance with the provisions of West Virginia Code § 29A-5-4.
>
> The Petitioner is hereby directed to contact the West Virginia Division of Motor Vehicles, Driver Services Division . . . to verify the effective date of the license revocation which is the subject of this Order, or concerning any questions related to any fees, procedural requirements or suspension or revocation periods that must be met prior to reinstatement of driving privileges.

The Commissioner of the Division of Motor Vehicles and White agree that White received notice of the July 25, 2012, administrative order by certified mail on July 27, 2012. The Commissioner and White also agree that White filed his appeal in the Circuit Court of Mercer County on September 7, 2012.

---

[1] In addition to noting the result of the secondary chemical test, the findings of the Hearing Examiner included the following:

> The Investigating Officer approached the Petitioner [White] and noticed that the Petitioner had an odor of an alcoholic beverage emanating from his breath as he spoke, slurred his speech and was unsteady as he stood. The Petitioner advised the Investigating Officer that he was the driver of the motor vehicle that had struck a second vehicle. The Petitioner admitted that he had consumed alcoholic beverages prior to operating his motor vehicle and getting into the accident.

3

The Commissioner, by special appearance, filed a motion to dismiss in circuit court, alleging that White's appeal was untimely because it was not filed within thirty days of July 27, 2012, the date White received notice of the administrative order. The thirty day limit cited by the Commissioner is found in *W.Va. Code*, 29A-5-4(b) [1998], of the *State Administrative Procedures Act*. We note, however, that if the ten additional days referred to by the Chief Hearing Examiner of the Office of Administrative Hearings is determinative, then the thirty day appeal period would be counted from August 8, 2012, thereby rendering White's appeal to circuit court timely filed.

On December 7, 2012, the circuit court entered an order concluding that the July 25, 2012, administrative order "did not become final until August 8, 2012." As a result, the circuit court (1) ruled that the appeal was timely filed, (2) denied the motion to dismiss and (3) set forth a briefing schedule and time frame for disposition of the case.

The Commissioner then filed a petition for a writ of prohibition in this Court. Thereafter, this Court entered an order directing the Circuit Court of Mercer County to show cause why relief in prohibition should not be awarded.

## II. Standards of Review

This Court has original jurisdiction in prohibition proceedings pursuant to art. VIII,

§ 3, of *The Constitution of West Virginia*. That jurisdiction is recognized in Rule 16 of the

*Rules of Appellate Procedure* and in various statutory provisions. *W.Va. Code*, 51-1-3

[1923]; *W.Va. Code*, 53-1-2 [1933]. In considering whether to grant relief in prohibition, this

Court stated in the syllabus point of *State ex rel. Vineyard v. O'Brien*, 100 W.Va. 163, 130

S.E. 111 (1925): "The writ of prohibition will issue only in clear cases where the inferior

tribunal is proceeding without, or in excess of, jurisdiction." Syl. pt. 1, *State ex rel. Johnson

v. Reed*, 219 W.Va. 289, 633 S.E.2d 234 (2006).

In the current matter, which concerns whether the circuit court exceeded its

jurisdiction, the relevant guidelines are found in *State ex rel. Hoover v. Berger*, 199 W.Va.

12, 483 S.E.2d 12 (1996), syllabus point 4 of which holds:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 2, *State ex rel. West Virginia National Auto Insurance Company v. Bedell*, 223 W.Va. 222, 672 S.E.2d 358 (2008); syl. pt. 2, *State ex rel. Isferding v. Canady*, 199 W.Va. 209, 483 S.E.2d 555 (1997).

Of course, as an extraordinary remedy invoking the original jurisdiction of this Court, a petition for a writ of prohibition may not be used as a substitute for an appeal. Syl. pt. 1, *State ex rel. Gibson v. Hrko*, 220 W.Va. 574, 648 S.E.2d 338 (2007). As early as 1873, this Court stated that "a mere error in the proceeding may be ground of appeal or review, but not of prohibition." Syl. pt. 3, in part, *Buskirk v. Judge of Circuit Court*, 7 W.Va. 91 (1873).

### III. Discussion

### A. The Statutory Requirements

The provisions of chapter 17C, articles 5A and 5C, of the *West Virginia Code* set forth the administrative framework for license revocation for driving a motor vehicle while under the influence of alcohol. Nevertheless, judicial review of an administrative order or decision concerning revocation is obtained in circuit court, and subsequently in this Court, under the Contested Cases provision of the *State Administrative Procedures Act*, *W.Va. Code*, 29A-5-1 [1964], *et seq. See Miller, Comm'r v. Moredock*, 229 W.Va. 66, 726 S.E.2d 34, 37 (2011) (Judicial review of a revocation order of the Commissioner of the Division of Motor Vehicles is conducted pursuant to the contested cases provision of the *State Administrative Procedures*

*Act.*); syl. pt. 1, *Muscatell v. Cline, Comm'r*, 196 W.Va. 588, 474 S.E.2d 518 (1996) (Review

by this Court in such cases is similar to the review conducted under the *Act* in circuit court);

*Dean v. West Virginia Department of Motor Vehicles*, 195 W.Va. 70, 71, 464 S.E.2d 589,

590 (1995) (Judicial review of the revocation of a license to operate a motor vehicle is under

the *State Administrative Procedures Act*.).[2]

## B. The Issue Before This Court

In this original proceeding in prohibition, the issue is whether the Circuit Court of

Mercer County exceeded its jurisdiction by accepting an administrative appeal filed more

than thirty days after the receipt of notice of the order entered by the Office of Administrative

Hearings. Specifically, this Court must determine whether White's appeal was untimely

because it was not filed in circuit court within thirty days of July 27, 2012, the date he

received notice of the order, or whether White's appeal was timely filed on September 7,

2012, because, as the circuit court stated, the administrative order "did not become final until

August 8, 2012."

---

[2] *W.Va. Code*, 17C-5A-2 [2012], outlining the nature of a revocation hearing provides, in subsection (s), for judicial review under the *State Administrative Procedures Act*. *See also W.Va. Code*, 17C-5C-4 [2010]. Moreover, the *Act* is made applicable to a challenge to an order or decision of the Division of Motor Vehicles by Legislative Rule. *See Code of State Rules* § 91-1-3.12.3. [2005]. Finally, Rule 1(a) of the *West Virginia Rules of Procedure for Administrative Appeals* states, in part: "These rules govern the procedures in all circuit courts for judicial review of final orders or decisions from an agency in contested cases that are governed by the Administrative Procedures Act, W.Va. Code § 29A-5 et. seq."

The relevant statute, *W.Va. Code*, 29A-5-4(b) [1998], provides:

> Proceedings for review shall be instituted by filing a petition, at the election of the petitioner, in either the Circuit Court of Kanawha County, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation, *within thirty days after the date upon which such party received notice of the final order or decision of the agency*. A copy of the petition shall be served upon the agency and all other parties of record by registered or certified mail. The petition shall state whether the appeal is taken on questions of law or questions of fact, or both. No appeal bond shall be required to effect any such appeal.[3]

(emphasis added)

Noticeably, *W.Va. Code*, 29A-5-4(b) [1998], does not include the type of language at issue in this case, *i.e.*, that the administrative order being appealed "shall become effective after the passage of ten (10) business days from the date of entry." As explained by the Commissioner during argument before this Court, although the ten day delay, in this case, issued from the Office of Administrative Hearings, rather than from the Commissioner directly, the delay represents a grace period commonly observed so that driver's will not be subject to arrest, without notice, immediately upon the entry of a revocation decision.

---

[3] Rule 2(b) [2008] of the *West Virginia Rules of Procedure for Administrative Appeals* states:

> *Time for Petition.* - No petition shall be filed from a state agency decision or final order in a contested case after the time period allowed by law. The petition shall be filed in the office of the circuit clerk of the circuit court in which venue lies by law, within 30 days after the petitioner receives notice of the final order or decision from the agency, unless otherwise provided by law.

8

Reference to a ten day delay after revocation is found in various statutes in chapter 17C of the *West Virginia Code*. However, unlike this case in which the revocation order was to become effective after ten business days *from the date of entry*, several statutes in chapter 17C provide that revocation shall become effective ten days after *receipt* of a copy of the revocation order.[4] That difference notwithstanding, the order of the Office of Administrative Hearings in the present matter expressly stated: "*Any party aggrieved by this decision may petition for appeal of same in accordance with the provisions of West Virginia Code § 29A-5-4.*" (emphasis added) As that statute requires, the appeal to circuit court shall be filed "within thirty days after the date upon which such party received notice of the final order or decision of the agency."

In *Bruce v. Steele*, 215 W.Va. 460, 599 S.E.2d 883 (2004), this Court acknowledged that "[j]udgments are, at times, open to differing interpretations." 215 W.Va. at 463, 599 S.E.2d at 886. However, the administrative order in this case directed White to follow the provisions of *W.Va. Code*, 29A-5-4 [1998], of the *Administrative Procedures Act* to pursue his appeal. Moreover, Title 91 of the *Code of State Rules* pertaining to the Division of Motor Vehicles provides in § 91-1-3.12.2. [2005], that the Commissioner "shall make and enter

---

[4] Language to the effect that a revocation shall not become effective until ten days after receipt of a copy of the order is found in *W.Va. Code*, 17C-5-7(a) [2010], concerning the refusal to submit to a secondary chemical test; *W.Va. Code*, 17C-5A-1(c) [2008], concerning revocation for driving under the influence of alcohol; and *W.Va. Code*, 17C-5A-1a(c) [2010], concerning revocation upon conviction for driving under the influence of alcohol. *See also W.Va. Code*, 17B-3-3c(b) [2005], concerning license suspension for failure to pay fines or penalties.

every final order pursuant to *W.Va. Code* § 29A-5-1 *et seq.* and the applicable statutory provisions." In addition, *Code of State Rules* § 91-1-3.12.3. [2005], provides for judicial review from an order of the Division "as set forth in *W.Va. Code* § 29A-5-1 *et seq.* and in accordance with the applicable statutory provisions." After careful consideration, this Court cannot conclude that *W.Va. Code*, 29A-5-4(b) [1998], means less than what it plainly states. A party adversely affected by an administrative order or decision in a contested case must file the petition for appeal in circuit court "within thirty days after the date upon which such party received notice of the final order or decision of the agency."

Thus, although the July 25, 2012, order of the Office of Administrative Hearings may have been inartfully drafted, the statute to which it refers for purposes of appeal, *W.Va. Code*, 29A-5-4 [1998], is clear. Syllabus point 5 of *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959), holds:

> When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute.

Syl. pt. 4, *Sims v. Miller, Comm'r*, 227 W.Va. 395, 709 S.E.2d 750 (2011); syl. pt. 3, *In re: Chevie V.*, 226 W.Va. 363, 700 S.E.2d 815 (2010).

Here, the statutory, thirty day requirement from receipt of notice is controlling.

10

Therefore, the Commissioner was correct in asserting in the motion to dismiss that White's appeal was untimely because it was not filed in circuit court within thirty days of July 27, 2012, the date White received notice of the order entered by the Office of Administrative Hearings.[5]

## IV. Conclusion

For the reasons stated above, this Court concludes that White's appeal was not filed within the thirty day period specified in *W.Va. Code*, 29A-5-4(b) [1998], and that, consequently, the Commissioner of the Division of Motor Vehicles is entitled to relief in prohibition. Having exceeded its jurisdiction in declaring the appeal timely, the Circuit Court of Mercer County is prohibited from further consideration of White's appeal from the July 25, 2012, order of the Office of Administrative Hearings which upheld the revocation of his driver's license.

Writ Granted.

---

[5] In determining the appeal to be untimely, we note that it would be inappropriate in this case to construe the ten day delay set forth in the administrative order as a formal stay. *See W.Va. Code*, 29A-5-4(c) [1998] (An agency may stay the enforcement of its orders and decisions.). Here, the July 25, 2012, order of the Office of Administrative Hearings did not associate the ten day delay with the statutory appeal period and made no statement to the effect that the thirty days would only run from August 8, 2012. Nothing in the administrative order would, thus, warrant an extension of the thirty day appeal period. *See generally Kanawha Valley Radiologists, Inc. v. One Valley Bank*, 210 W.Va. 223, 229 n. 8, 557 S.E.2d 277, 283 n. 8 (2001) (A stay of the enforcement of an order does not affect the order's finality.).