**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**February 22, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Lan Deyerle,**
**Petitioner Below, Petitioner**

**vs)   No. 17-0633** (Kanawha County 17-AA-23)

**West Virginia Department of Health and Human Resources,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lan Deyerle, pro se, appeals the May 3, 2017, order of the Circuit Court of Kanawha County dismissing her appeal of the February 14, 2017, decision of the West Virginia Public Employees Grievance Board upholding her termination as an employee of Respondent West Virginia Department of Health and Human Resources ("DHHR"). The DHHR, by counsel Steven R. Compton, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was a long-term employee of the DHHR. According to the Grievance Board's February 14, 2017, decision, it reversed a prior decision by the DHHR to terminate petitioner from employment by decision dated July 15, 2014, "solely on procedural grounds." While the DHHR initially appealed the July 15, 2014, decision, the Grievance Board explained that the DHHR later withdrew its appeal:

> Following the withdrawal of the appeal, [the DHHR] determined that [petitioner] should be placed in a different office to allow [petitioner] a fresh start. [Petitioner] was returned to work on November 3, 2014, and was placed in a temporary Office Assistant II position in the Office of Maternal, Child[,] and Family Health. There is no allegation that [petitioner]'s pay rate was reduced[1] or that [petitioner] objected to the decision to place her in a new office.

---

[1]Prior to petitioner's reinstatement, her job classification was as an Office Assistant III.

1

The DHHR eventually terminated petitioner from employment a second time due to misconduct occurring both before and after her return to work. The second termination took place on February 10, 2015, from which petitioner filed a grievance directly to Level III of the grievance process. Following a September 26, 2016, evidentiary hearing, an administrative law judge ["ALJ"] upheld the February 10, 2015, termination of petitioner from her employment by decision dated February 14, 2017.

Petitioner did not file an appeal from the Grievance Board's February 14, 2017, decision until April 11, 2017. Consequently, the DHHR filed a motion to dismiss the appeal on April 17, 2017, asserting that it was untimely filed. Petitioner filed a response on April 25, 2017, stating that she "filed her appeal in person on April 11, 2017, and was told by court personnel that her appeal was not late." By order entered May 3, 2017, the circuit court dismissed petitioner's appeal. The circuit court found that, pursuant to West Virginia Code §§ 6C-2-5(c) and 6C-2-2(c), petitioner had until April 5, 2017, to file her appeal and failed to do so. The circuit court further found that petitioner's representations that she was told that her appeal "was not late" were unsubstantiated:

> Petitioner's allegations are concerning as neither the [c]ourt nor the [c]ourt's personnel has ever had ex-parte communications or any other communications with [petitioner] beyond her in person delivery of a copy of her [r]esponse to [the DHHR]'s [m]otion to dismiss on April 25, 2017. The [c]ourt has not mailed any correspondence to [petitioner] and, certainly, has not advised [petitioner] that her appeal "was not late."

Following the dismissal of her appeal, petitioner wrote the circuit court various letters requesting that it reconsider its May 3, 2017, order. In a June 10, 2017, letter, petitioner acknowledged that her appeal was "six days late," but asked that the circuit court give her a "pass." Eventually, the circuit court collectively treated petitioner's letters as a motion to reconsider the dismissal of her appeal and denied the motion by order entered August 2, 2017. The circuit court found that "[t]he deadline for filing an appeal must be met by all parties, including *pro se* petitioners," and that "[t]he court lacks jurisdiction to hear untimely filed appeals."

Petitioner now appeals the circuit court's May 3, 2017, order dismissing her appeal of the February 14, 2017, decision upholding her termination from employment. In syllabus point one of *West Virginia Department of Health and Human Resources v. Hess*, 189 W.Va. 357, 432 S.E.2d 27 (1993), we held that "[West Virginia Code § 6C-2-5(c)], which allows an appeal to the circuit court within thirty days of receipt of the [ALJ]'s decision, must be read *in pari materia* with [West Virginia Code § 6C-2-5(c)], which defines 'days' as 'working days exclusive of Saturday, Sunday or official holidays.'"[2]

---

[2] At the time of our decision in *Hess*, those provisions were set forth at West Virginia Code §§ 29-6A-7(c) and 29-6A-2(c). When West Virginia Code § 29-6A-2(c) was repealed and reenacted as West Virginia Code § 6C-2-2(c), the Legislature excluded from the definition of "days" any day "in which the employee's workplace is legally closed under the authority of the (continued . . .)

2

On appeal, the parties agree that the circuit court properly calculated the time in which petitioner was permitted to appeal the ALJ's decision as expiring on April 5, 2017. Petitioner further acknowledges that she filed her appeal six days late. The parties dispute only whether this Court should find that the circuit court may consider petitioner's appeal because of excusable neglect.[3] The DHHR argues that, once the circuit court found that petitioner's appeal was untimely filed, the court's only recourse was to dismiss the appeal. *See* Syl. Pt. 1, *Hinkle v. Bauer Lumber & Home Bldg. Center, Inc.*, 158 W.Va. 492, 211 S.E.2d 705 (1975) (holding that "[w]henever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket"). We agree with the DHHR.

Rule 1(b) of the West Virginia Rules of Procedure for Administrative Appeals provides, in pertinent part, that "[t]hese rules shall not be construed to extend . . . the jurisdiction of the circuit courts as established by law." In *State ex rel. Commissioner, West Virginia Division of Motor Vehicles v. Swope*, 230 W.Va. 750, 756, 742 S.E.2d 438, 444 (2013), we found that a circuit court exceeded its jurisdiction by considering an appeal of a driver's license revocation that was filed beyond the timeframe set forth in West Virginia Code § 29A-5-4(b).[4] West Virginia Code § 29A-5-4(b) provided that an appeal "shall" be filed "within thirty days after the date upon which such party received notice of the final order or decision of the agency." In *Swope*, we relied on the well-established rule that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case[,] it is the duty of the courts not to construe but to apply the statute." 230 W.Va. at 755-56, 742 S.E.2d at 443-44 (quoting Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959)).

Here, West Virginia Code § 6C-2-5(c) provides, in pertinent part, that "[a] party *shall* file the appeal in the circuit court of Kanawha County within thirty days of receipt of the [ALJ]'s decision[.]" (Emphasis added.). "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." *Brickstreet Mut. Ins. Co. v. Zurich Am. Ins. Co.*, __ W.Va. __, __ n.15, 813 S.E.2d 67, 78 n.15 (2018) (Internal quotations and citations omitted.); *see Hess*, 189 W.Va. at 360, 432 S.E.2d at 30 (same). Therefore, given the untimeliness of petitioner's appeal, we conclude that the circuit court properly dismissed the appeal because the court would have

---

chief administrator due to weather or other cause provided for by statute, rule, policy or practice." *See* 2007 W.Va. Acts ch. 207.

[3]While petitioner argues that she substantially complied with West Virginia Code §§ 6C-2-5(c) and 6C-2-2(c) given her reliance on alleged verbal statements made to her by court personnel, we construe petitioner's argument as one asking this Court to excuse her neglect in failing to timely file an appeal.

[4]In making this finding, we determined that the circuit court erred in declaring that the appeal was timely filed. *Id.* at 754-56, 742 S.E.2d at 442-44.

exceeded its jurisdiction to do otherwise.

For the foregoing reasons, we affirm the circuit court's May 3, 2017, order dismissing petitioner's appeal of the Grievance Board's February 14, 2017, decision upholding her termination from employment.

Affirmed.

**ISSUED:** February 22, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Justice Margaret L. Workman

4