# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 2, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0931** (Wood County 17-F-275)

**Phillip J. Wilson, Jr.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Phillip J. Wilson, Jr., by counsel Eric K. Powell, appeals the September 17, 2019, order of the Circuit Court of Wood County denying his motion for correction of sentence. Respondent State of West Virginia, by counsel Lara K. Bissett, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2017, petitioner was indicted in the Circuit Court of Wood County on three counts of second-degree sexual assault and three counts of third-degree sexual assault with regard to a minor female. On April 10, 2018, pursuant to a plea agreement, petitioner entered an *Alford/Kennedy*

1

plea[1] to one count of third-degree sexual assault pursuant to West Virginia Code § 61-8B-5.[2] At a June 18, 2018, sentencing hearing, the circuit court sentenced petitioner to a term of one to five years of incarceration with credit for 361 days previously served. The circuit court ordered that petitioner register as a sex offender for life and imposed a term of thirty years of supervised release to begin upon the expiration of his incarceration or parole. Finally, the circuit court ordered that the terms and conditions of supervised release and "the probation terms," each signed by petitioner on May 3, 2018, be filed. The circuit court directed petitioner to follow "all conditions set forth."

On August 13, 2019, petitioner filed a motion for correction of sentence, arguing that the terms and conditions of his supervised release were illegal to the extent that they prevented him from residing with or engaging in activities with his own children, none of whom were the victim of his offense.[3] At a September 9, 2019, hearing, the State asserted that petitioner's argument was without merit given that he was convicted of a sexual offense against a minor.[4] By order entered on September 17, 2019, the circuit court denied the motion.

Petitioner now appeals the circuit court's September 17, 2019, order. Our standard of review of an order denying a correction of a sentence under Rule 35 has been stated as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review

---

[1]Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

[2]The remaining counts of the indictment were presumably dismissed pursuant to the plea agreement. However, such a dismissal is not reflected in the appellate record.

[3]Activities in which petitioner may not participate include "youth groups, Boy Scouts, Girl Scouts, Cub Scouts, Brownies, 4-H, YMCA, youth sports teams, baby[-]sitting, volunteer work, or any activity [his] probation officer deems inappropriate," and he may "not be present at nor enter within two blocks of any park, school, playground, swimming pool, daycare center, or other specific locations where children are known to congregate," unless his probation officer approves of the same.

[4]Petitioner was released on parole in 2019. At the September 9, 2019, hearing, the State argued that the motion for correction of sentence was premature because petitioner was on parole rather than supervised release, and it was the terms and conditions of his parole which prevented him from having contact with his children at that time. However, before this Court, the State acknowledges that, pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure, an illegal sentence may be corrected "at any time." We further note that, as of May 21, 2020, petitioner is no longer on parole and is now on supervised release.

the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Tex B.S.*, 236 W. Va. 261, 778 S.E.2d 710 (2015). Rule 35(a) provides, in pertinent part, that "[t]he court may correct an illegal sentence at any time[.]"

On appeal, petitioner argues that the terms and conditions of his supervised release are illegal to the extent that they prevent him from residing with or engaging in activities with his own children, none of whom were the victim of his offense.[5] The State counters that petitioner is prohibited from residing or exercising visitation with his minor children pursuant to West Virginia Code § 62-12-9(a)(4), which provides, in pertinent part, that:

[r]elease on probation is conditioned upon the following:

. . . .

(4) That in every case in which the probationer has been convicted of an offense defined in . . . article eight-b . . . of [Chapter 61 of the West Virginia Code] against a child, the probationer may not live in the same residence as any minor child, nor exercise visitation with any minor child . . .: *Provided*, That the probationer may petition the court of the circuit in which he or she was convicted for a modification of this term and condition of his or her probation and the burden rests upon the probationer to demonstrate that a modification is in the best interest of the child.[6]

Here, petitioner pled guilty to third-degree sexual assault, an offense pursuant to West Virginia

---

[5]To the extent that petitioner's argument could be interpreted to include a challenge of the condition that he may not accept employment or establish a residence within 1,000 feet of a school or childcare facility, we decline to address that issue pursuant to Rule 10(c)(7) of the Rules of West Virginia Appellate Procedure, which provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

[6]We note that West Virginia Code 6-12-9(a)(4) permits petitioner to file a petition to modify the prohibition against residing or exercising visitation with his children upon a showing that a modification is in the children's best interests. The record does not reflect that petitioner filed such a petition.

Code § 61-8B-5, against a minor; signed both the terms and conditions of supervised release and the probation terms; and became subject to "all conditions set forth" pursuant to the circuit court's sentencing order.

As the State notes, the supervised release statute, West Virginia Code § 62-12-26, provides, in pertinent part, that "[a] defendant sentenced to a period of supervised release shall be subject to any or all of the conditions applicable to a person placed upon probation pursuant to the provisions of [West Virginia Code] § 62-12-9." *Id.* § 62-12-26(f). Petitioner resists the circuit court's authority to impose probation terms as part of his supervised release pursuant to West Virginia Code § 61-12-26(f) by arguing that the supervised release statute itself does not prohibit him from residing with his own children under the facts and circumstances of this case.

Notwithstanding petitioner's argument, we agree with the State's position that the circuit court had the legal authority, pursuant to West Virginia Code § 62-12-26(f), to prohibit petitioner from residing with or engaging in activities with his minor children because West Virginia Code § 62-12-26(f) plainly authorized the circuit court to impose that condition of probation upon petitioner. "When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case[,] it is the duty of the courts not to construe but to apply the statute." *State ex rel. Commissioner, West Virginia Division of Motor Vehicles v. Swope*, 230 W. Va. 750, 755-56, 742 S.E.2d 438, 443-44 (2013) (quoting Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959)).

Here, West Virginia Code § 62-12-26(f) clearly and unambiguously provides that "any or all" of the probation terms set forth in West Virginia Code § 62-12-9 "shall be" imposed on a person on supervised release such as petitioner. Therefore, we further find that the circuit court had authority to prohibit petitioner from residing with or engaging in activities with his minor children as his criminal act was against a minor and an offense pursuant to West Virginia Code § 61-8B-5. Accordingly, we conclude that the circuit court did not abuse its discretion in denying the motion for correction of sentence as the challenged condition of petitioner's supervised release was not illegal.

For the foregoing reasons, we affirm the circuit court's September 17, 2019, order denying petitioner's motion for correction of sentence.

Affirmed.

**ISSUED:** February 2, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4